244 So.2d 62 (1971)
POOLER BUILDING MATERIALS, INC.
v.
Hugh HOGAN, d/b/a Hugh Hogan General Contractors.
No. 8192.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
*63 Robert A. Dragon, Jr., of Dragon & Kellner, Lafayette, for appellant.
Bernard E. Boudreaux, Jr., Franklin, for appellee.
Before LANDRY, ELLIS, and BLANCHE, JJ.
ELLIS, Judge.
This suit was originally brought by plaintiff, Pooler Building Materials, Inc., against defendant, Hugh Hogan, d/b/a Hugh Hogan General Contractors, for the balance allegedly due for merchandise sold to Hogan, plus interest and attorney's fees. After suit was filed, but before trial, the principal balance due was paid, leaving only the question of interest and attorney's fees to be considered by the Court. From a judgment in favor of defendant, plaintiff has appealed.
The record shows that defendant had been buying building materials from plaintiff for about twelve years. Except for the period during which the sales at issue herein were made, interest and attorney's fees had never been charged by plaintiff. At some time during the year preceding the filing of this suit, plaintiff began using invoices which had the following language printed in small print in the lower left hand corner:
"SALE TERMS: net 30 days of EOM, except as otherwise agreed; interest at 8% per annum charged on all past due accounts. In the event said account is placed in the hands of an attorney for collection, debtor obligates himself to pay attorneys fee in the amount of 25% of the aggragate balance due on said principal and interest together with all *64 legal costs incurred. Any signature will be recognized as an agent of purchaser. * * *"
When the merchandise covered by the invoices involved in this case was delivered, a copy was signed by an employee of defendant. Another copy was mailed to defendant on the evening of the day the material was delivered. Mr. Hogan testified that he had never entered into a contract to pay 8% interest or attorney's fees on past due accounts, and that none of his employees were authorized to do so. It is not claimed by plaintiff that defendant was ever notified that interest and attorney's fees would be charged, except by the above statement printed on the invoice. Plaintiff takes the position that, since defendant ordered, accepted, signed for and used the merchandise, he is bound by the terms expressed on the invoice.
Article 2924 of the Civil Code provides, in part, as follows:
"The amount of the conventional interest cannot exceed eight per cent. The same must be fixed in writing; testimonial proof of it is not admitted in any case."
With respect to attorney's fees, we find the following:
"As a general rule, attorney's fees are not allowed except where authorized by statute or contract." Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
In this case, there was never any specific agreement for the payment of conventional interest or attorney's fees. Defendant was never aware of plaintiff's change in policy relative thereto, and plaintiff makes no pretense of every having communicated it to him specifically.
In this case, as in the case of all contracts, there must be consent by both parties as to all aspects of the subject of the contract. Civil Code, Articles 1798, 1803, 1804. The consent may be express or implied from the actions of the parties. Civil Code, Articles 1816 and 1817. In cases not expressly covered by law, it is left to the discretion of the judge to determine if consent is to be implied from the particular circumstances of the case. Civil Code, Article 1818.
The district court found that the signature of defendant's employees on the various invoices was nothing more than an acknowledgment of the receipt of the merchandise. He found no other agreement between the parties. We agree with this conclusion. There is no showing that defendant knew, or should have known, that the invoices contained terms and conditions beyond those customary. Under those circumstances, we find that his acceptance of and payment for the merchandise does not constitute an implied acceptance of those terms.
We therefore find that there was no contract between plaintiff and defendant for the payment of conventional interest or attorney's fees on past due accounts, and plaintiff is not otherwise entitled to recover.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.