KLIEBERT, Judge.
Errol A. Brown, defendant-appellant (hereinafter Brown), accepted delivery and signed the invoice evidencing delivery of a transcutaneous nerve stimulator from New Orleans Medical Sales and Service, Inc., *1195 plaintiff-appellee (hereinafter New Orleans Medical). The invoice cost of the stimulator was $422.30. Plaintiff instituted suit, seeking $510.98, (it added monthly service charges to the initial invoice price), together with 25% attorneys fees, legal interest, and all costs. Brown filed a general denial and a third-party petition against Martin-Marietta Corporation (hereinafter Martin-Marietta), his employer, alleging that it was responsible for his medical expenses under the workmen’s compensation statutes, because the cost resulted from injuries incurred in the course and scope of his employment. Martin-Marietta answered the third-party petition denying liability. After trial on the merits, the trial court granted plaintiff judgment as prayed for and dismissed defendant’s third-party demand against Martin-Marietta. Brown appealed.
In the trial court and on appeal, Brown contends he should not have to pay for the stimulator because it was ordered by his doctor for the account of his employer, Martin-Marietta.
Two witnesses testified at the trial. Dale Copien, Credit and General Manager of New Orleans Medical, established the delivery and acceptance of the stimulator by Brown and his subsequent refusal to pay notwithstanding repeated demands. Mr. Copien admitted sending Martin-Marietta a copy of the statement. He testified, however, that this was done for the convenience of Brown and his insurance carrier. If the carrier was obligated to make payment to Brown, it could, for the convenience of all, make payment directly to New Orleans Medical.
Brown admitted signing the invoice at the time of delivery. However, he stated that he did not personally order the stimulator from plaintiff; rather, his doctor did. He further stated that he signed the invoice only as proof to Martin-Marietta that he received the stimulator because the insurance representative had told him that his insurance coverage would pay the bill.
The invoice which is central to this case and which was introduced into evidence is dated November 27,1978. It reflects: “To: Errol Brown:”, “Ordered by: Dr. Bradke” (defendant’s doctor), “Bill to: Martin-Marietta Co.”, and delivery on November 28, 1978. At the bottom of the invoice is a line on which the signature of Errol A. Brown appears. Beneath the signature line are the words “Buyer accepts the terms and conditions set forth below.”
Below this are three terms and conditions:
“1. If this account is not paid in full within fifteen (15) days of the date of delivery a FINANCE CHARGE 'will be added. The FINANCE CHARGE is computed by a ‘Periodic Rate’ of lx/2% which is an ANNUAL PERCENTAGE RATE OF 18% applied to the delinquent amount after deducting current payments and/or credits with a minimum charge of .50 per billing plus postage.
2. In the event it becomes necessary to place this account in the hands of a collection agency or an attorney for collection, Purchaser shall be responsible for all reasonable collection costs and/or attorney fees.
3. No allowance or adjustment will be made on any item not returned unused within three (3) working days from date of purchase.”
Appellant argues that he did not give the requisite consent to be bound by the terms of the invoice.
The Louisiana Supreme Court, in Illinois Central Gulf Railroad Co. v. International Harvester, 368 So.2d 1009 (La.1979) stated (at 1011):
“Consent may be given either expressly or by implication, La.C.C. arts. 1780,1811, but the cases in which consent is implied are particularly determined by law. La. C.C. art. 1781. According to the civil code, consent may be implied in the following instances:
‘. .. when it is manifested by actions, even by silence or by inaction, in cases in which they can from the circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent.’ La.C.C. art. 1811.
*1196 < * * *
‘(W)hen (actions without words) are done under circumstances that naturally imply a consent to such contract .. . ’ La.C.C. art. 1816. See also, La.C.C. art. 1817. Thus, except in those instances in which the statutory law creates a legal presumption, the mere silence of an offeree should not, in principle, be considered as involving acceptance on his part. His consent can result from silence, however, when combined with other facts or acts so as to imply or indicate his consent unequivocally, (citations omitted). In cases where the law does not expressly create a legal presumption of consent from certain facts, it is left to the discretion of the judge to determine if consent is to be implied from the particular circumstances of the case. La.C.C. art. 1818; Pooler Bldg. Mats. Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir. 1971).”
In the instant case, Brown’s actions place him within the legal presumption of Civil Code article 1816.[1] Having received the goods at his residence, having signed his name above a line implying that he accepted the terms of the invoice under circumstances which imply a consent to pay and, ostensibly, having used the product, leads to the same conclusion that the trial court reached, i. e., that defendant was bound by contract unto plaintiff and therefore obligated to pay same.
Appellant further argues that the court below erred in assessing him attorney’s fees in the amount of 25%. We find no error here, since the second term of the contract provides for reasonable attorney’s fees should legal services be needed for collection. There was no error in assessing said fees at 25% of the amount due and owing.
Appellant’s final argument is that the trial court erred in dismissing Brown’s third-party demand against Martin-Marietta, his employer. Brown contended that Martin-Marietta should ultimately be liable since it owes its employees a duty to provide for such medical expenses under the workmen’s compensation laws.
However, there is not a scintilla of evidence to support defendant-appellant’s assertion that his employer is liable. Brown did not prove any connexity whatsoever between the medical device at issue herein and any injury which was incurred in the scope and course of employment. Accordingly, the trial court was correct in dismissing the third-party demand against Martin-Marietta.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by appellant.

AFFIRMED.

. Civil Code Art. 1816 states in pertinent part:
“Actions without words, either written or spoken, are presumptive evidence of a contract when they are done under circumstances that naturally imply a consent to such contract. To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value... In all those cases and other of the like nature, all the conditions, which he, who gives or proposes, annexed to the delivery or the acceptance of the proposition, are also presumed to have been accepted by the act of receiving ...”