449 So.2d 1014 (1984)
FRANK L. BEIER RADIO, INC.
v.
BLACK GOLD MARINE, INC.
No. 83-C-2141.
Supreme Court of Louisiana.
April 2, 1984.
Mitchell J. Hoffman, Ann Wise, McCloskey, Dennery, Page & Hennesy, New Orleans, for defendant-applicant.
P. Keith Daigle, Halpern, Holden & Daigle, Metairie, for plaintiff-respondent.
CALOGERO, Justice.
The issue in this case concerns the awarding of attorney fees under La.R.S. 9:2781, the statute which provides for reasonable attorney fees attending the prosecution and collection of an amount due on an open account. The district court had awarded the plaintiff 30% attorney fees in contract. The appellate court found no attorney fees owed by contract, but affirmed the 30% attorney fees award on an open account collection pursuant to La.R.S. 9:2781. We granted the defendant's writ application to review that award by the appellate court. Upon review, and for the following reasons, we reverse the award of attorney fees in this case.
This question of the awarding of statutory attorney fees under La.R.S. 9:2781 arises under the following circumstances. Plaintiff Frank L. Beier Radio, Inc. (Beier Radio) sued the defendant Black Gold Marine, *1015 Inc. (Black Gold) for payment of an amount owed them on an open account for services and alterations to radios on Black Gold vessels, seeking judgment for the amount due, contractual interest, contractual attorney fees, or alternatively, simply reasonable attorney fees. Black Gold responded with a denial that the work had been performed satisfactorily, protested that a lesser sum was due, and contended that no interest or attorney fee was due and owing. The trial judge awarded judgment to Beier Radio, in the amount of $21,361.11, consisting of $18,391.00 principal due on eighteen invoices and, based on written terms appearing on those invoices, $2,970.11 in interest plus 30% in attorney fees. The Court of Appeal affirmed the judgment of $18,391.00, reversed the $2,970.11 interest award, finding no consent thereto by the parties, but maintained the award of 30% attorney fees, as reasonable (under La.R.S. 9:2781) "in consideration of the particular ability of a trial judge to evaluate the work done, the results reached, skill of the attorney, etc." 437 So.2d 1196 at 1200 (La.1983).
La.R.S. 9:2781, the statutory provision which allows reasonable attorney fees to be assessed in a suit on an open account, reads in pertinent part:
A. When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. (Emphasis provided)
Black Gold argues that reasonable attorney fees should not have been awarded because the written demand in this case did not correctly set forth the amount owed.[1] With this contention, we agree.
The demand letter dated June 9, 1981, from Beier Radio to Black Gold, listed and attached eighteen overdue invoices for a total amount claimed to be due, of $19,230.51. From this amount the letter deducted enumerated credits totalling $839.51. The final page of the demand letter then read as follows:

Total past due account balance,
less all credits due $18,391.00
Total accrued interest charges 2,970.11
 __________
TOTAL ACCOUNT BALANCE
DUE $21,361.11

I now advise you that if full payment of all charges as itemized above are not paid within thirty (30) days after your receipt of this certified letter, then suit will be instituted immediately thereafter.
In addition to the amounts you owe on this account balance, thirty (30%) percent attorney's fees per the open account terms, or alternatively, statutory attorney's fees will be demanded.
The Court of Appeal determined that the $2,970.11 accrued interest charge was not owed, because the parties had no oral or written agreement for, nor was there an implied consent to, the imposition of conventional interest on this overdue account. 437 So.2d at 1198, 1199.
As a general rule, attorney fees are not due and owing a successful litigant unless specifically provided for by contract or by statute. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976); Hughes v. Burguieres, 276 So.2d 267 (La.1973).
Before the enactment of La.R.S. 9:2781 in 1976, there was no provision for the awarding of attorney fees for the prosecution and collection of amounts due on open accounts. With its adoption, La.R.S. 9:2781 joined other statutes which facilitate the payment of attorney fees. We have construed such statutes strictly, however, because the award of attorney fees is exceptional *1016 and penal in nature. See generally, Viator v. Haynesville Mercantile Co., 230 La. 132, 88 So.2d 1 (1956) construing La.R.S. 30:102 (repealed by 1974 La.Act 50), see now La.R.S. 31:206 et seq. [Mineral Code]; Hortman-Salmen Co. v. Continental Cas. Co., 170 La. 879, 129 So. 515 (1930) construing 1918 La.Act. 50, see now La. R.S. 9:3902 [suretyship]; Brown v. Continental Cas. Co., 161 La. 229, 108 So. 464 (1926) construing 1910 La.Act. 310, see now La.R.S. 22:213 and 22:657 [insurance]; Schwegmann Bros. Giant Supermarkets, Inc. v. Mouton, 309 So.2d 686 (La.App. 4th Cir.), writ denied, 310 So.2d 845 (La.1975) construing La.R.S. 47:1512 [tax collection].
La.R.S. 9:2781 is now such a statute. A Better Place Inc. v. Giani Investment Co., 445 So.2d 728 (1984). In A Better Place, Inc., 445 So.2d at 734 we said that La.R.S. 9:2781 "entitles a person seeking debt collection on an open account to recover reasonable attorney fees only if he [has] sent written demand `correctly setting forth the amount owed.'" In A Better Place, the demand letter sought payment for several items of drug paraphernalia for which no lawful obligation was owed. Because of our decision rejecting part of the claim on the open account, we found that A Better Place was not entitled to attorney fees under La.R.S. 9:2781. Accord, Rodriguez-Farr Ins. Agency, Inc. v. Sharp, 431 So.2d 889 (La.App. 2d Cir.1983) [Demand letter contained a bookkeeping error and service charges not legally owed.]; Texas Industries Inc. v. Roach, 426 So.2d 315 (La.App. 3d Cir.1983) [Demand letter was for $11,885.84; the trial judge concluded the correct balance due on the account was $9,240.70.] Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir.1979) [The amount demanded was $6,021.87, excessive by $1,187.68.]
Counsel for Beier Radio suggests that this case differs from A Better Place and from the several appellate cases which strictly construed the language in La.R.S. 9:2781. Counsel for Beier Radio suggests a dispositive difference because, in this case, the principal amount demanded was found due and owing and it was only the demanded interest which was disallowed in court. We find that it makes no difference that the excessive amount billed to Black Gold was interest rather than principal. La.R.S. 9:2871 strictly construed requires no inquiry into the reason for the error in the amount demanded. It simply requires "written demand ... correctly setting forth amount owed ...", as a prerequisite to liability for attorney fees.
In this case the demand letter asserted that the amount due and owing was $21,361.11. Litigation was threatened if $21,361.11 were not paid in full within thirty days. $21,361.11 was not the correct amount owed. Accordingly attorney fees under La.R.S. 9:2781 should not have been awarded.

Decree
For the foregoing reasons, the judgment of the Court of Appeal insofar as it awarded plaintiff attorney fees is reversed. The judgment is otherwise affirmed.
REVERSED IN PART; AFFIRMED IN PART.
DIXON, C.J., concurs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The Legislature could have chosen to impose attorney's fees only in those open account cases in which the debtor arbitrarily refuses to pay sums undisputedly due, similar to the imposition of attorney's fees for an insurer's arbitrary refusal to pay a claim.[1] However, the Legislature chose instead to impose attorney's fees in all open account cases, as long as the amount due is correctly stated. This choice permits full recovery to the successful creditor, even when there is a genuine dispute over the debt.
NOTES
[1] In the alternative, the applicant contends that should this Court approve the award of attorney fees, the amount awarded was not reasonable, but excessive. Because we find that attorney fees are not recoverable, we do not address the question of whether 30% attorney fees are excessive.
[1] Respondent argues that this was the legislative intent.