457 So.2d 769 (1984)
CONCRETE CONTROL DIVISION, INC.
v.
CEMENT PRODUCTS SERVICE, INC., et al.
No. 83 CA 1013.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*770 Dale H. Hayes, Leonard & Hayes, Morgan City, Counsel for plaintiff-appellee.
James F. Abadie, Abadie & Hudson, Baton Rouge, for Cement Products Service.
Russel J. Cremaldi, Bauer, Darnall, McNulty & Boudreaux, Morgan City, for Town of Patterson.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Cement Products Service, Inc. (defendant) was awarded a contract by the Town of Patterson, Louisiana, to handle "Project `M' 13-1-80, Street Paving and Drainage Improvements, Williams Street, Patterson, Louisiana." Defendant contracted with Concrete Control Division, Inc. (plaintiff) to have plaintiff supply the concrete for the job, which plaintiff did. However, some concrete did not meet the town's specifications for 4,000 PSI concrete. The town exacted a penalty of $3,676.80 from its payment to defendant who thereupon refused to pay plaintiff for the concrete.
Plaintiff brought suit to recover $37,325.06 for the concrete delivered to defendant. Defendant reconvened, claiming that the concrete delivered by plaintiff did not meet the strength requirements specified in their contract. Defendant alleged its business reputation had been damaged by the wrongful filing of a lien against defendant and the Town of Patterson, and prayed for $62,325.06 in damages.
The trial court orally rendered judgment for plaintiff for its entire demand plus attorney fees as per a clause printed in the concrete delivery receipts. It dismissed the defendant's reconventional demand. Its pertinent reasons are as follows:
I am satisfied that the facts show that the material was sold and delivered at the agreed upon prices and that the evidence does not show that the quality of the material was other than as specified in the agreement between the parties, there being so many unaccounted for possibilities as to what could have caused the test results on those given days shown in PLAINTIFF'S EXHIBIT THREE to have been less than the 4000 pound per square inch figure. I think the law is clear that that burden falls upon the defendant to establish those causes and I do not find that that has been done.
The defendant appeals, specifying as error: (1) the trial court finding that the quality of the concrete was as specified as in the agreement between the parties, (2) the trial court finding that the defendant had the burden of proving why the concrete samples which were tested failed to measure 4,000 PSI, and (3) the award of attorney fees.
The plaintiff proved that it delivered concrete on open account by the introduction at trial of invoices compiled from the *771 signed delivery receipts for the truckloads of concrete. L.L. Patterson, plaintiff's president, testified and described the contract with defendant as oral, with no specific terms as to the PSI rating of the concrete. Patterson claimed that the usual course of business is for the buyer to provide a "mix design" to the supplier, which has been approved by the buyer's engineer. Merlin Saltzman, defendant's vice-president, agreed with Patterson's testimony regarding the industry procedure but maintained that he and Patterson had agreed specifically for the plaintiff to furnish concrete that would meet the project's specifications of 4,000 PSI.
During the early stages of construction, Saltzman advised Patterson that concrete was breaking. Patterson stopped concrete delivery until the problem was cleared up. He hired Louisiana Testing & Inspection, Inc. (La. Testing), who made an inspection on August 21, 1981. La. Testing recommended some changes in the mix but no change in the materials set forth in the original mix design. Defendant agreed to the recommendation and only then did plaintiff resume concrete delivery. Thereafter, on thirteen occasions from August 26 through November 21, 1981, plaintiff delivered concrete which failed the 4,000 PSI test. La. Testing had by this time become defendant's on-the-site inspector. These failures formed the basis for the $3,676.80 penalty exacted by the Town of Patterson against defendant. All of plaintiff's other shipments totalling hundreds of yards of concrete passed inspection.
Plaintiff has clearly shown that it was entitled to recover for the concrete it delivered to this job. In the present case, the project engineer prepared the plans and specifications for the project, which included a design mix for the concrete. He testified that in his opinion, this mix design in the past had supported 4,000 PSI. (Emphasis ours). He did not guarantee that it would support that specification. This mix design was given to defendant. Defendant, in turn, conveyed the required mix design to plaintiff. Therefore, the contract between defendant and plaintiff was not a contract to deliver 4000 PSI concrete. It was a contract to deliver concrete according to the mix design.
The trial court found that plaintiff delivered to defendant concrete which met the specifications of their agreement. Having so found, the trial court then placed upon the defendant the burden of showing the defect in this concrete. Defendant answered by stating that the concrete failed to meet the requirements of the contract between defendant and the Town of Patterson, i.e., 4000 PSI concrete. The plaintiff was not a party to the contract between defendant and the town. It cannot be bound by the terms of this contract. Defendants claim that the concrete was defective and that the defect was the fault of the plaintiff. The trial court found that the claim was not affirmatively proven. We find no manifest error in this holding.
Defendant appeals the trial court's award of attorney fees which was made pursuant to a clause in the delivery receipts that were signed by defendant's employees at the job site. The jurisprudence is clear that the signature of the employee is mere acknowledgment of the receipt of the goods, where there is no showing that the buyer knew or should have known that the invoices contained the attorney fees clause. Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La. App. 1st Cir.1971). Contractual provisions for attorney fees must be specifically agreed to by the parties. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 437 So.2d 1196 (La.App. 5th Cir.1983), aff'd, 449 So.2d 1014 (La.1984). Since there is no evidence that the parties ever even discussed (much less reached an agreement upon) an attorney fee clause, we find this award to be in error and must reverse.
The judgment of the trial court is affirmed as to the award to plaintiff of $37,325.06, together with judicial interest thereon at the rate of 1.5% per month from the *772 due date of each invoice until paid.[1] The attorney fees award is reversed. Costs of this appeal are assessed to defendant.
AFFIRMED IN PART, REVERSED IN PART.
SHORTESS, J., agrees in part & dissents in part with reasons.
SHORTESS, Judge, concurring in part, dissenting in part.
I agree with that part of the opinion which reverses the award for attorney fees. I would also award defendant damages because in my opinion plaintiff did not supply concrete in accordance with its agreement on thirteen occasions. Defendant's damages, i.e., the penalty assessed to it by the Town of Patterson, should be borne by plaintiff.
Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] The trial court's award of this rate of interest was not appealed by defendant.