COLE, Judge.
The issue in this appeal is whether or not the Civil Service Commission erred in awarding attorney fees to Lois Thompson.
Ms. Thompson is employed as a Cardiopulmonary Technician II at Charity Hospital in New Orleans. By letter dated June 21, 1982 Ms. Thompson was reprimanded for certain alleged misconduct. She appealed this reprimand to the Civil Service Commission.
A request for summary disposition of her appeal was filed by Ms. Thompson on October 27, 1982 on the basis that the letter of reprimand did not contain specific details of the charges against her. The appointing authority thereafter reviewed the reprimand and acknowledged it was defective for the reason alleged by Ms. Thompson. Consequently, the appointing authority requested a continuance of a scheduled hearing in order to seek the Civil Service Di *48 rector’s approval to rescind the reprimand (pursuant to Civil Service Rule 15.10(b)[1]). The requested continuance was granted.
On November 4, 1982 the Director advised the appointing authority it would approve the requested rescission contingent upon the removal of the letter of reprimand from Ms. Thompson’s personnel file. Ms. Thompson’s attorney was requested to inform the Director once the removal of this letter was accomplished. Upon receiving verification from the appointing authority that the letter had been removed, the Director advised the parties by letter dated November 30, 1982 that Ms. Thompson’s appeal file was being retired. The reason stated for this action was that all relief sought by her had been granted. However, on this same date, Ms. Thompson’s attorney submitted a letter requesting $100.00 in attorney fees.
A hearing limited strictly to the issue of attorney fees was subsequently held before the Commission. At that time Ms. Thompson’s attorney requested an additional $100.00 in attorney fees for appearing at the hearing. The opinion ultimately issued by the Commission granted Ms. Thompson’s request for attorney fees to the extent of $100.00. The appointing authority has now taken the instant appeal. Ms. Thompson answered this appeal, seeking a $100.00 increase in the amount awarded.
Attorney fees generally are not awarded unless specifically provided for by contract or by statute. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984). Additionally, statutes authorizing awards of attorney fees must be strictly construed because of their penal nature. Id.
Since no contractual provision for attorney fees is involved herein, the apparent basis for recovery relied upon by Ms. Thompson is Civil Service Rule 13.35(a).[2] Under this rule attorney fees may be awarded only in the following three situations: 1) when the Commission or a referee reverses or modifies action taken by the appellee; 2) when the Commission approves a settlement pursuant to Rule 13.31; or 3) when the Commission approves the rescission of disciplinary action pursuant to Rule 15.10(c). The first two situations are clearly inapplicable to this case. The opinion issued by the Commission in this matter merely awarded attorney fees, without reversing or modifying any action taken by the appointing authority (appellee in the appeal before the Commission). It is also clear no settlement pursuant to Rule 13.31 was made.
Additionally, this case did not involve action taken by the Commission under Rule 15.10(c). At the time of Ms. Thompson’s appeal before the Commission, Rule 15.-10(c) required the Commission’s approval for rescission of disciplinary actions involving the removal, demotion or reduction in pay of a permanent employee.[3] However, it did not require the Commission’s approv *49 al for rescission of a reprimand. Under Rule 15.10(b) the Civil Service Director was authorized to rescind a reprimand, without any necessity for the Commission’s approval.[4]
This procedure was followed in the present case. The Commission was not required to and did not approve the rescission of Ms. Thompson’s reprimand under Rule 15.10(c). Accordingly, an award of attorney fees was not authorized.
Since we find no basis for awarding attorney fees under the provisions of Rule 13.35(a), we conclude the Commission erred in making an unauthorized award of attorney fees to Ms. Thompson’s attorney.[5] Accordingly, this award is hereby reversed. For the same reasons we reject Ms. Thompson’s request for additional attorney fees. Ms. Thompson is cast for the costs of this appeal.
REVERSED.

. Rule 15.10(b) provides as follows:
"(b) Subject to the provisions of Sub-section (c) of this Rule an appointing authority may, subsequent to the effective date thereof and with the approval of the Director, rescind or modify any personnel action notified to the Director.”

. Rule 13.35(a) allows an award of attorney fees:
"(a) When the Commission or a referee reverses or modifies the action taken by an appel-lee in a Civil Service appeal or when the Commission approves a settlement of an appeal pursuant to Rule 13.31, or when the Commission approves a recision (sic) of the disciplinary action pursuant to Rule 15.10(c), the appellee may be ordered to pay an amount not to exceed five hundred dollars as attorney’s fees.”

.At the time of Ms. Thompson’s appeal Rule 15.10(c) provided as follows:
“(c) No removal, demotion or reduction in pay of a permanent employee may be rescinded or modified without approval of the Commission.”
This provision was subsequently amended by the Commission on August 2, 1983 to require the Commission’s approval for situations such as the present one. Under this amendment attorney fees are now authorized in such cases. However, this amendment is inapplicable to the present case since it took place after the rescission of Ms. Thompson’s reprimand and after the hearing before the Commission. Penal statutes are generally not applied retroactively.

. Ms. Thompson argues the Civil Service Director had no authority to dismiss her appeal. In regard to this argument we note that despite language used by the Director, he did not actually dismiss Ms. Thompson’s appeal. While the Commission obviously regarded the issue of Ms. Thompson’s reprimand as moot (as it was in fact), it held a hearing and considered the sole remaining issue raised by her, i.e., attorney fees.

. In view of our ruling on this issue, we preter-mit considerations of the other assignments of error raised by the appointing authority.