SEXTON, Judge.
Defendant-appellant, Donny Joe Barnhill, d/b/a BMW Well Service, appeals a judgment in an open account suit. We amend in part and reverse in part.
On or about May 1, 1985, plaintiff-appel-lee, McJunkins Tire Center, Inc., filed suit against defendant-appellant, Donny Joe Barnhill, d/b/a BMW Well Service, for the sum of $3,513.81 for an amount allegedly due on an open account. Plaintiff also prayed for legal interest from the date of judicial demand until paid, twenty-five percent attorney’s fees on the aggregate of principal and interest due and for all costs of the suit.
The matter was tried on June 28,1985 in the Monroe City Court. During the trial it was stipulated between the parties that defendant had made certain payments totaling $400 to plaintiff between the time suit was filed and when the matter came to trial, which reduced the total amount due to $3,113.81. The defendant conceded that this amount was due and produced evidence that this sum had previously been tendered to the plaintiff. The only issue that remained to be resolved at the trial of this matter was whether plaintiff was entitled to an award of attorney’s fees on the aggregate of principal and interest sued upon.[1]
After hearing the evidence presented, the trial judge concluded that plaintiff was entitled to the award of attorney’s fees. The trial court reasoned that a series of invoices containing a provision for attorney’s fees and which were signed by the defendant or employees of the defendant constituted a valid enforceable agreement to pay attorney’s fees.[2] From this judgment defendant appeals asserting two assignments of error.
On appeal, defendant contends (1) that the trial court erred in granting plaintiff judgment in the sum of $3,518.81, when the parties had stipulated that only $3,113.81 was due on the principal obligation; and (2) that the trial court erred in ruling that a contract for attorney’s fees existed between the parties.
*1050 Defendant initially contends the trial court erred in granting plaintiff judgment in the sum of $3,518.81, when the parties had stipulated that only $3,113.81 was due on the principal obligation. Plaintiff submits that it was stipulated between the parties that certain payments totaling $400 were made by defendant to plaintiff between the filing of this suit demanding judgment in the sum of $3,513.81 and the trial of this matter, and that despite this stipulation, judgment was entered in favor of the • plaintiff in the principal sum of $3,518.81. Plaintiff argues that the judgment of the trial court should be amended to reflect the stipulation between the parties that the indebtedness from defendant to plaintiff had been reduced to the sum of $3,113.81.
Defendant’s contention does not appear to be totally correct. The trial court’s judgment awards plaintiff $3,518.81 plus interest, attorney’s fees and costs, less $400 paid by the defendant. Therefore, the trial court’s judgment correctly reflects the stipulation agreed to by the parties that the debt owed by defendant to plaintiff had been reduced by $400.
However, defendant’s argument is not totally without merit. It appears that a minor error was made by the trial court as to the principal amount owed by defendant. In its judgment, the trial court awarded plaintiff the principal sum of $3,518.81. At trial, however, the parties stipulated that the principal sum owed was $3,513.81 less the $400 credit to defendant. Therefore, the trial court’s judgment should have listed the principal sum owed as $3,513.81, rather than $3,518.81.
Defendant’s second contention is that the trial court erred in ruling that a contract existed between the parties to the effect that defendant would pay reasonable attorney’s fees on any amount due.
As a general rule, attorney’s fees are not due and owing a successful litigant unless specifically provided by contract or by statute. Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Nassau Realty Company, Inc. v. Brown, 332 So.2d 206 (La.1976). Plaintiff conceded it was not entitled to attorney’s fees by statute. Therefore, attorney’s fees could only be awarded if such fees were specifically provided for by a contract executed between the parties.
Plaintiff contends that certain statements contained at the bottom of invoices signed by the defendant constitute a contractual agreement between the parties requiring defendant to pay reasonable attorney’s fees for the collection of amounts due on the open account.
The statement is contained in a small box at the bottom of the invoice and contains the following language:
CONDITIONAL BILL OF SALE
“It is agreed and understood that title to the above described merchandise remains in McJunkins Tire Center until fully paid. It is further agreed that if this balance is not paid when due, I, we, or either of us, agree to pay to McJunkins Tire Center interest at the rate of 18% per annum on the unpaid balance. In the event that it becomes necessary to turn this account over to attorney for collection, the undersigned agrees to pay a reasonable attorney fee plus all costs incurred.”
Beneath this language there is a signature line on the invoice, and immediately to the left of this line is a statement that the merchandise listed on the invoice was received in good condition.
However, the jurisprudence is clearly opposed to plaintiff’s position. To our knowledge it has been universally held that a printed statement on the bottom of a delivery ticket or invoice providing for interest and/or attorney’s fees does not constitute a written agreement to pay interest or attorney’s fees. Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir.1971); Succession of Drake, 359 So.2d 249 (La.App.2d Cir.1978); S.E. Hornsby and Sons Sand & Gravel Company, Inc. v. Checkmate Ready Mix Concrete, Inc., 390 So.2d 213 (La.App.3d Cir. 1980); Frank L. Beier Radio, Inc. v. Black *1051 Gold Marine, Inc., 437 So.2d 1196 (La.App. 5th Cir.1983), affirmed in part, reversed in part, 449 So.2d 1014 (La.1984). The same conclusion holds true even where the invoices or delivery tickets containing these provisions are signed by the receiver of the materials. Concrete Control Division, Inc. v. Cement Products Service, Inc., 457 So.2d 769 (La.App. 1st Cir.1984). The signature is a mere acknowledgement of the receipt of the goods where there is no showing that the buyer knew or should have known that the invoices contained the attorney fees clause.
The trial court distinguished the statement on the invoices in this case from those discussed in the authorities cited above on the basis that the statement in the case at bar was a complete sentence containing the essential elements of a contract followed by a signature line which was signed by the defendant or his agents. The trial court found this sufficient to constitute a contract for attorney’s fees.
We disagree with the trial court’s distinction. The printed statement at the bottom of these invoices appears to be no different from any other considered by the jurisprudence. Further, the signature line on the invoice is immediately preceded by the following statement printed in bold typeface: “MERCHANDISE LISTED HEREON RECEIVED IN GOOD CONDITION.” It appears that the signature on the invoice is merely to acknowledge receipt of the goods listed in good condition, not to contractually bind oneself for attorney’s fees. Thus, we find that the invoices in question did not constitute a binding contract between the parties for attorney’s fees.
Accordingly, for the foregoing reasons, we reverse that portion of the trial court’s judgment which awarded plaintiff attorney’s fees. We also amend the trial court judgment to provide that judgment will be awarded in favor of the plaintiff for the principal amount of $3,513.81, less the $400 already paid by defendant. All costs of this appeal are assessed against plaintiff.
AMENDED IN PART & REVERSED IN PART.

. With respect to this issue, it was conceded by plaintiff during the trial that it was not entitled to attorney’s fees under LSA-R.S. 9:2781 because of its failure to comply with the provisions of this statute.

. It should be noted that although most of the invoices are signed, this is not true with respect to all of the documents.