REICH, ALBUM & PLUNKETT, L.L.C.

VERSUS

GASTON MUGNIER AND COASTAL
DEVELOPMENT GROUP, L.L.C.

NO. 23-CA-559

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 708-164, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

November 20, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**AWARD OF ATTORNEY FEES IN JUNE 5, 2023 JUDGMENT**
**REVERSED**
    **FHW**
    **SJW**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
REICH, ALBUM & PLUNKETT, L.L.C.
    Robert S. Reich
    John C. Box

COUNSEL FOR DEFENDANT/APPELLANT,
GASTON MUGNIER
    Anton Martynenko

**WICKER, J.**

This appeal arises from a judgment in favor of the plaintiff law firm in a suit on open account brought against a client to recover unpaid legal fees. After a bench trial, the trial court awarded the law firm $18,848.25 as the outstanding balance on the account, plus $20,000.00 in attorney fees for the prosecution and collection of the balance due, pursuant to La. R.S. 9:2781.

The client appealed the judgment, seeking to have the attorney fee award reversed because the amount demanded in the law firm's written demand was not the correct amount owed, and this discrepancy precludes an attorney fee award under the statute, which must be strictly construed. The law firm contends the client did not properly preserve that issue for review or prove the discrepancy he asserts as a bar to its recovery of attorney fees. By answer to the appeal, the law firm seeks an award of additional attorney fees for work done on appeal.

Finding merit in the client's assignment of error, and finding no bar to his raising the issue for the first time on appeal, we reverse the trial court's award of attorney fees and decline to award any additional attorney fees on appeal.[1]

## Factual and Procedural Background

The law firm, Reich, Album & Plunkett, L.L.C. (RAP), brought the suit against the client, Gaston Mugnier, and his limited liability company, Coastal Development Group, L.L.C., in 2011, seeking to recover fees for legal services rendered to both defendants from 2009 to 2011. After protracted litigation spanning over a decade, the suit proceeded against Mr. Mugnier individually, and a bench trial was held on the merits of RAP's claims against him on May 4, 2023.[2]

---

[1] We have found no support for the plaintiff's contention that the defendant is precluded from challenging the attorney fee award on the grounds set forth in his appeal because he did not raise the issue in the trial court.

[2] Certain issues pertaining to discovery sanctions were addressed in a prior appeal. *Reich, Album & Plunkett, L.L.C. v. Mugnier*, 14-339 (La. App. 5 Cir. 12/22/21), 334 So.3d 986.

At the trial, RAP introduced copies of the invoices reflecting the work done by the firm on Mr. Mugnier's behalf, as well as a separate list with a breakdown of the dollar amounts contained in each of those invoices and adjustments to some of those amounts. RAP also introduced copies of invoices reflecting the work done by the firm in prosecuting the lawsuit and testimony from a lawyer with the firm who was familiar with that work. All billing records were authenticated by RAP's office manager and billing records custodian, Tammy Ellison.

Ms. Ellison testified that the total amount owed to the firm by Mr. Mugnier was $18,848.25. She stated that he had not made any payments on the account.

RAP did not introduce any evidence of its written demand on Mr. Mugnier stating the amount owed, which may be made by letter or by citation and service of a petition, according to La. R.S. 9:2781(A). From RAP's opening statement, it appears that RAP was relying on citation and service of the original petition as its written demand. As mentioned in the prior appeal, an amended petition was filed in the case. 334 So.3d at 988 n. 1. The amount owed by Mr. Mugnier was stated as $18,105.90 in the original petition and $18,761.29 in the amended petition.

Mr. Mugnier was represented by counsel at the trial, but he did not appear or testify.

In written reasons for judgment, the trial court found that RAP met its burden of proving the existence of an open account and the validity of the amount due. The court further found that RAP was entitled to reasonable attorney fees for the prosecution and collection of the claim under La. R.S. 9:2781 but did not mention the language in the statute that requires the creditor to send written demand to the debtor correctly stating the amount owed in order to recover attorney fees.

On June 5, 2023, the court issued a judgment in RAP's favor for $18,848.25, with judicial interest from date of judicial demand and all costs, as well as $20,000.00 in attorney fees.

## The Statute

La. R.S. 9:2781 states in part:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor **correctly setting forth the amount owed**, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. . . .
>
> B. If the demand is forwarded to the person by first class mail to his last known address, a copy of the demand shall be introduced as evidence of written demand on the debtor.
>
> C. If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts. (Emphasis added.)

The provision for the use of citation and service of the petition as a form of written demand was added to the statute in 2001. *See Wright & Moreno, L.L.C. v. Clement*, 04-1097 (La. App. 3 Cir. 12/8/04), 891 So.2d 704, 706-07. That provision was in effect when this lawsuit was filed, but it was not in effect when some of the cases interpreting the statute were decided. Because the term "written demand" now encompasses demands made either by letter or by citation and service of a petition, we shall use the term "written demand" in place of the term "demand letter" in our discussion of the case law.

## Judicial Interpretation of the Statute

Attorney fees are generally not recoverable by a successful litigant unless specifically provided for by contract or by statute. Consequently, statutes authorizing such recovery are considered penal in nature and are strictly construed. *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014 (La. 1984).

This rule of strict construction applies to La. R.S. 9:2781, which requires "written demand . . . correctly setting forth the amount owed" as a prerequisite to liability for attorney fees. *Id.* at 1015-16. Attorney fees are not recoverable under La. R.S. 9:2781 if the statement of the amount owed in the written demand was not the correct amount owed. *Id.* at 1016.

When the amount testified as due at the time of trial differs from the amount stated to be due in the written demand, the creditor bears the burden of proving that the amount due, as stated in the written demand, was correct at the time the demand was made. *Texas Industries, Inc. v. Roach*, 426 So.2d 315, 317-18 (La. App. 2 Cir. 1983); *Kaye v. Karp*, 19-194 (La. App. 5 Cir. 12/30/19), 286 So.3d 1281, 1288-89. A creditor who does not meet this burden may not recover attorney fees. *Id.* This is true even if the difference between those two amounts is relatively small. *See, e.g.*, *Kaye v. Karp, supra* (difference of $100.03); *Roy v. Gegenheimer*, 90-521 (La. App. 5 Cir. 1/16/91), 573 So.2d 555, 556 (difference of $217.50); and *Dutel v. Succession of Touzet*, 94-0978 (La. App. 4 Cir. 1/19/95), 649 So.2d 1084, 1086-87 (difference of $550).

Conversely, the creditor may recover attorney fees despite differences in the amounts stated as due in the written demand and at trial if the amount due as stated in the written demand was accurate when the statement was made. For example, in *Guidry's Seafood Distributors, Inc. v. Farmers Seafood Co., Inc.*, 99-1005 (La. App. 3 Cir. 12/15/99), 759 So.2d 806, 808, *writ denied*, 00-0837 (La. 5/12/00), 762 So.2d 15, an attorney fee award was upheld despite a difference of over $40,000.00 between the amount demanded and the amount awarded at trial because the amount demanded was accurate when the demand was made, and the amount owed was reduced by subsequent payments.

**Analysis**

In this case, the only mention of RAP's written demand at trial was its attorney's reference to the citation and service of the original petition on Mr. Mugnier in RAP's opening statement. The amount Mr. Mugnier owed, according to that petition, was $18,105.90, and the amount stated to be due at trial was $18,848.25. The difference between these amounts is $742.35.

The amount owed by Mr. Mugnier, as stated in the amended petition, was $18,761.29, which is $86.96 less than the amount stated to be due at trial.

RAP's exhibit listing the amounts reflected in each of its invoices to Mr. Mugnier (Exhibit P-2) indicates that the total amount billed to him was $19,686.21, and that this amount was reduced by $837.96 in adjustments to arrive at the total due of $18,848.25. Ms. Ellison testified that Mr. Mugnier did not make any payments on his account, and no other explanation was given for the adjustments. Although the trial took place many years after Mr. Mugnier incurred the legal fees in question, there is simply no evidence in the record showing that the amount stated to be owed by Mr. Mugnier in a written demand by RAP was accurate when the statement was made. Proof of this by the creditor is a prerequisite to recovery of attorney fees under La. R.S. 9:2781. *Frank L. Beier Radio,* 449 So.2d at 1016; *Kaye v. Karp,* 286 So3d at 1289. In this case, RAP did not meet its burden.

## Conclusion

For the reasons stated, we reverse the trial court's award of attorney fees in the amount of $20,000.00 in favor of the plaintiff, Reich, Album & Plunkett, L.L.C., and against the defendant, Gaston Mugnier, in its judgment of June 5, 2023, and decline to award any additional attorney fees to the plaintiff on appeal. Costs of the appeal are assessed to the plaintiff.

**AWARD OF ATTORNEY FEES IN JUNE 5, 2023 JUDGMENT REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-559

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
JOHN C. BOX (APPELLEE)

### MAILED
ROBERT S. REICH (APPELLEE)
ATTORNEY AT LAW
1206 PARK DRIVE
SUITE 200
MANDEVILLE, LA 70471

ANTON MARTYNENKO (APPELLANT)
ATTORNEY AT LAW
132 LOUISE DRIVE
MANDEVILLE, LA 70448