319 So.2d 511 (1975)
SOUTHERN EQUIPMENT & TRACTOR COMPANY OF SHREVEPORT, INC., Plaintiff-Appellee,
v.
A. D. McCULLEN and L. T. Brown et al., Defendants-Appellants.
Nos. 12667, 12668.
Court of Appeal of Louisiana, Second Circuit.
September 3, 1975.
*512 Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendants-appellants.
Bodenheimer, Jones, Klotz & Simmons by C. Gary Mitchell, Shreveport, for plaintiff-appellee.
Before BOLIN, HALL and DENNIS, JJ.
HALL, Judge.
These appeals are from summary judgments rendered in favor of plaintiff, Southern Equipment & Tractor Company of Shreveport, Inc., against defendants, A. D. McCullen and L. T. Brown, in two suits on a promissory note and two open accounts. The principle issues on appeal relate to (1) finance or service charges of 1½% per month charged pursuant to Act 313 of 1970 (formerly LSA-R.S. 9:3509; repealed by Act 454 of 1972, the Louisiana Consumer Credit Law, effective January 1, 1973) and included in the amount of the judgments on the open accounts; and (2) the manner in which a dation en paiement made by the defendant Brown should be credited to the accounts and to the note.
Both suits were brought against McCullen and Brown, alleged to be a commercial partnership, and against the two individuals, seeking judgment in solido against all defendants.
In one suit, No. 12,667 on the docket of this Court, plaintiff sued for (1) $14,309.44, the amount of a note signed by McCullen and Brown, together with 8% Interest from the date of the note until maturity and 10% interest after maturity, as stipulated in the note; and (2) $24,711.28, the balance allegedly due for goods, merchandise and services sold by plaintiff to defendants from November 20, 1970 to December 10, 1971, which amount included $8,467.84 for finance charges of 1½% per month, compounded monthly, to August 1, 1973, plus 1½% Per month interest thereon from August 1, 1973 until paid.
In the other suit, No. 12,668 on the docket of this Court, plaintiff sued for $31,652.95, the balance allegedly due for goods, merchandise and services sold by plaintiff to defendants from November 10, 1970 to August 18, 1971, which amount included $16,826.37 for finance charges of 1½% per month, compounded monthly to August 1, 1973, plus 1½% per month interest thereon from August 1, 1973 until paid.
Defendants filed answers in both suits, generally denying the allegations of plaintiff's petitions.
Plaintiff filed motions for summary judgment, supported by the pleadings, attached exhibits including the note, statements of account, and invoices, affidavits of its officers, and depositions of Brown, McCullen and their bookkeeper, Reese Hood. In its motion for summary judgment, plaintiff stipulated that McCullen and Brown operated as a joint venture or ordinary partnership and each was liable *513 for only his virile share (½) of the indebtedness.
After hearing, the district court granted summary judgments in favor of plaintiff as follows:
(1) In suit No. 12,667, (a) on the note for $14,309.44, with 8% interest from April 19, 1971 (the date of the note) until paid, and (b) on the account for $22,366.68 with 7% interest from January 1, 1973 until paid;
(2) In suit No. 12,668, on the account for $28,675.84 with 7% interest from January 1, 1973 until paid;
with each defendant's liability limited to one-half of the stated amounts. The judgment on each account included service or finance charges of 1½% per month, compounded monthly, to January 1, 1973, the date of repeal of Act 313 of 1970, and legal interest thereafter. The amount of service charges included in the judgments was $6,123.24 on one account and $13,849.26 on the other account.
Defendants perfected devolutive appeals. On appeal defendants make the following arguments:
(1) Act 313 of 1970 was superseded or impliedly repealed by Act 315 of 1970 amending LSA-C.C. Arts. 1938 and 2924 fixing legal interest at 7% and maximum conventional interest at 8%. Therefore, the 1½% per month finance charge was not authorized by law and was usurious, resulting in the forfeiture of all interest under LSA-R.S. 9:3501.
(2) If Act 313 of 1970 was not repealed, it nevertheless is inapplicable here because the Act applies only to sellers or issuers of credit cards and the sales involved here were not credit card transactions.
(3) The terms used in the Act are unconstitutionally vague.
(4) By adding the 1½% charge to the account each month and then charging 1½% each subsequent month on the principle balance plus accrued finance charges, plaintiff charged an amount in excess of that authorized by the statute, amounting to interest upon interest contrary to LSA-C.C. Art. 1939, and thereby forfeited all interest under the provisions of Section 2 of Act 313 of 1970 and LSA-R.S. 9:3501.
(5) The credit of $32,541.94 resulting from Brown's conveyance of a tract of land to plaintiff should have been applied to payment of Brown's one-half of the indebtedness rather than to the total indebtedness owed by McCullen and Brown, thereby discharging in full Brown's share of the two accounts (if the finance charges are forfeited) and giving him a small credit on his part of the note.
Except for the claim of a small credit against the amount due on the note, defendants do not contest the correctness of the judgment on the note.
Act 313 of 1970 provides in pertinent part as follows:
"Section 1. Notwithstanding the provisions of any other law, any seller or issuer of a credit card honored by a seller engaged in the extension of consumer credit in connection with the sale of goods, merchandise and services of the seller, under an open-end credit or similar account under which no time-price differential, finance charge, service charge, or other similar charge is imposed upon the consumer purchaser or holder of a credit card honored by the seller if the initial billing is paid within a period of not less than twenty-five days from billing day, may charge and collect and an assignee of such seller or of the issuer of a credit card honored by such seller may collect, a time-price differential, finance charge, service charge, or other similar charge computed at a rate not to exceed one and one-half percentum per month on all amounts unpaid on such account from month to month, which need not be a calendar month, or other regular period. A minimum timeprice *514 differential, finance charge, service charge, or other similar charge, not in excess of twenty-five cents per month, may be charged and collected. Not withstanding any provision of this act, no interest charge, finance charge or other handling charge may be charged or imposed until thirty (30) days after the date on which the initial bill is mailed.
"Section 2. Where a time-price differential, finance charge, service charge, or other similar charge is made by a seller, or an issuer of a credit card honored by such seller, or an assignee of such seller or issuer collects or attempts to collect same, in excess of that permitted under Section 1 of this Act, such seller, issuer, or assignee shall not be entitled to any time-price differential, finance charge, service charge, or other similar charge, or any interest whatsoever, except legal interest from the date of judicial demand, as provided by law.
"* * *
"Section 4. Except as provided in Section 1 of this Act, anything herein contained to the contrary notwithstanding, specifically Section 5 of this Act, the provisions of Article 2924 of the Louisiana Civil Code, as amended and LSA-R.S. 9:3501 of the Louisiana Revised Statutes of 1950, shall remain in full force and effect.
"* * *"
Effect of Act 315 on Act 313 of 1970
At the same session of the Legislature in which Act 313 of 1970 was enacted, LSA-C.C. Art. 1938 establishing the interest rate on all debts and LSA-C.C. Art. 2924 establishing legal and conventional interest rates were amended and reenacted by Act 315 to change the interest on debts and legal interest from 5% per annum to 7% per annum. Appellants contend Act 315, being the later act, and being inconsistent with Act 313, superseded or impliedly repealed Act 313.
This contention is without merit. The purpose and effect of Act 315 was to change the rate of interest on debts generally and the legal rate of interest from 5% to 7%. Nothing in Act 315 indicates an intent on the part of the Legislature to repeal any special statute then in existence and especially any statute adopted in the same session establishing or permitting, in connection with certain transactions, the charging of interest or finance charges in excess of the rates established by the Civil Code articles. Act 313 was adopted as an exception to the rule of the Code articles. This is evidenced by the language of the Act itself in Section 4 thereof which provides that except as provided in Section 1 of the Act, the provisions of LSA-C.C. Art. 2924 and LSA-R.S. 9:3501 shall remain in full force and effect.
LSA-C.C. Art. 1938 establishes the interest on debts at 7% "unless otherwise stipulated" which means unless otherwise stipulated conventionally or by law.
We hold Act 313 of 1970 was not superseded or repealed by Act 315 of the same year.
Applicability of Act 313 of 1970
Appellants contend Act 313 applies only to sellers or issuers of credit cards in connection with credit card transactions. The language of the statute does not support this contention. The statute permits the charging and collection of a finance charge by a seller engaged in the extension of consumer credit in connection with the sale of goods, merchandise and services under an open-end credit or similar account, which is exactly the kind of seller and transaction involved in these cases. The statute also permits the charging of a finance charge by the issuer of a credit card honored by a seller, but this clause does not limit the applicability of the statute solely to credit card transactions.
We hold that Act 313 of 1970 is applicable to the transactions involved in these *515 cases and authorizes the plaintiff here to charge and collect a finance charge pursuant to and in accordance with the terms of the statute.
Vagueness of Terms
Appellants contend the terms used in the statute such as "extension of consumer credit," "consumer purchaser," and "open-end credit or similar account" are so vague as to be meaningless. To the contrary, all of these phrases employ words of common usage and need no interpretation beyond their plain meaning.
Excessive Finance ChargeInterest Upon Interest
The statements of account in the record disclose that on both of the accounts plaintiff charged 1½% per month finance charge on the first month's balance for goods sold and thereafter charged 1½% Per month finance charge on the principle balance due plus accrued finance charges. Appellants contend Act 313 of 1970 does not authorize compounding the finance charges and, therefore, the amount plaintiff charged and attempts to collect is in excess of the charges authorized by the statute. Appellants further contend the compounding of the finance charges amounts to charging interest upon interest in violation of LSA-C.C. Art. 1939 which prior to its amendment in 1972 provided:
"Interest upon interest cannot be recovered unless it be added to the principal, and by another contract made a new debt. No stipulation to that affect in the original contract is valid. The provisions of this Article shall be held to apply to all persons, partnerships and corporations irrespective of custom or of the character of business in which they are engaged."
Act 313 authorizes a seller "in connection with the sale of goods, merchandise and services of the seller, under an openend credit or similar account" to charge and collect a time-price differential, finance charge, service charge, or other similar charge computed at a rate not to exceed one and one-half percentum per month "on all amounts unpaid on such account from month to month." "Such account" refers to the account mentioned at the beginning of the sentence, that is, an open-end credit or similar account in connection with the sale of goods, merchandise or services. We interpret "all amounts unpaid on such account" as meaning all amounts unpaid on the account for goods, merchandise and services. The statute does not authorize the charging of a finance charge on previously charged and unpaid finance charges.
The charging of a finance charge on a finance charge is the equivalent of charging interest upon interest, the prohibition of which has remained constant through the history of Civil Law. In the Code of Justinian, Bk. IV, tit. 32, law 28, "anatocisme" as compound interest was then termed, was prohibited absolutely. Plainol, in his Civil Law Treatise, Vol. 2, Part 2, Chapter 3, § 2098 says such an interest charge upon debtors ". . . tends to crush them rapidly under the weight of their debts." The recovery of interest upon interest has been prohibited in Louisiana at least since the Civil Code of 1825.
If it had been intended that Act 313 authorize the charging of interest upon interest, the statute would have made such intent clear by specific language, particularly in view of the historic codal prohibition against such practice. The statute does not contain such specific language. LSA-C.C. Art. 1939 remained intact and unamended during the time Act 313 was in effect. It was only with the adoption of the Louisiana Consumer Credit Law, effective in 1973, that Article 1939 was amended to except from its prohibition the provisions of the Consumer Credit Law.
We hold that Act 313 of 1970 did not authorize the charging of a 1½% finance charge on previously accrued and unpaid finance charges. It follows that the *516 amounts charged by plaintiff and which plaintiff is attempting to collect are in excess of that permitted under the Act. Under the express provisions of Section 2 of the Act, plaintiff is, therefore, not entitled to any finance charge or any interest whatsoever, except legal interest from date of judicial demand, as provided by law.
Credit for Dation en Paiement
The statement of the account sued on in suit No. 12,668 shows a credit of $32,541.94 applied to that account on April 13, 1972. In the deposition of L. T. Brown, filed by plaintiff in support of its motion for summary judgment, Brown testified he conveyed property owned by him to plaintiff for a price of $42,000, out of which plaintiff was to pay an indebtedness owed to another company and the balance ($32,541.94) was to be applied to Brown's part of the accounts owed plaintiff. Brown's "part" of the two accounts, excluding finance charges, was slightly less than that amount. If applied in accordance with Brown's understanding, the credit would be sufficient to discharge Brown's indebtedness on the accounts and leave him a small credit on the note.
Plaintiff urges the credit resulting from the dation en paiement should be applied against the total indebtedness owed jointly by McCullen and Brown in the same manner as other payments made from time to time were applied.
McCullen and Brown were engaged in the contracting business either as an ordinary partnership or as a joint venture. The accounts with plaintiff were carried in the name of McCullen and Brown, the name under which defendants conducted their enterprise, whether a partnership or joint venture. Under these circumstances, ordinarily any payment made on the account would properly be applied to or imputed to payment of the entire account. However, where one of the joint obligors makes payment with his own funds or property and designates that it is to be applied only to his share of the debt, or an agreement to that effect is made between the creditor and the debtor, the creditor must apply the payment accordingly. See Phillips v. Ray, 1 La.App. 584 (2d Cir. 1925). See also LSA-C.C. Art. 2163.
Brown's testimony raises a genuine issue of material fact as to the parties' understanding and agreement, if any, concerning the application of this credit. The resolution of this disputed issue in turn bears on the extent of each defendant's liability on the accounts and the note. There being a genuine issue of material fact, plaintiff is not entitled to summary judgments. LSA-C.C.P. Art. 966. The issue of how the credit resulting from the dation en paiement should be applied can only be determined by trial of that issue on the merits.
Decree
For the reasons assigned, the judgments of the district court in both suits are reversed and set aside, and both suits are remanded to the Twenty-Sixth Judicial District Court for further proceedings consistent with the views expressed in this opinion, and in accordance with law. Assessment of costs shall await final determination of the litigation.
Reversed and remanded.