359 So.2d 249 (1978)
Succession of Luther Ambrose DRAKE.
No. 13546.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1978.
*250 Horton & Jones by Donald G. Horton, Coushatta, for Roberta Burks Drake, Ambrose Ray Drake and Mary Jane Drake Caple, plaintiffs-in-rule-appellants.
Bethard & Davis by James G. Bethard, Coushatta, for Richard P. Gibson, Administrator of the Succession of Luther Ambrose Drake, defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
The sole issue presented by the appellants in this appeal from a judgment rendered in *251 the course of administration of a succession is the amount of a debt owed by the succession to a creditor of the decedent. The district court's judgment recognized the amount of the debt owed R. P. Gibson, who is also administrator of the succession, as being $21,775.27, representing an original principal balance of $4,876.24 due on an old open account closed in 1964, plus service charges of 1 percent and 1½ percent per month charged since 1964, less payments of $1,000. Appellants, the widow and children of the decedent, contend that only the original balance less payments is due, and that the service charges were never agreed to by the decedent and were not authorized by law.
Coushatta Farm Implement Company, who assigned the account to Gibson, a partner in the firm, sold goods and services to decedent on open account until November 1964. At that time the account had a balance of $4,876.24 and was past due. The company closed the account and put decedent on a cash basis. Thereafter, the company sent decedent monthly invoices, adding each month a service charge of 1 percent of the principal balance plus accrued service charges until March 1974 when the service charge was increased to 1½ percent. The service charges amounted to more than $15,000 in April 1977 when Gibson filed a petition to open the succession, was appointed administrator, and made a claim as a creditor. Several payments totaling $1,000 were made on the account by decedent between 1964 and 1974. Invoices sent to decedent contained a printed statement that a service charge would be added to accounts not paid by the 25th day of the following month.
Appellee contends the service charges were authorized by LSA-R.S. 9:3509 (Act 313 of 1970; repealed by Act 454 of 1972) and LSA-R.S. 9:3523 (Act 454 of 1972; Louisiana Consumer Credit Law). Appellee, while admitting that decedent never expressly agreed to pay a service charge, further contends that the service charges were tacitly agreed to by decedent when he failed to object to the amounts of the statements which reflected the charges.
The statutes referred to, enacted in 1970 and 1972, authorize persons extending credit in connection with certain transactions including revolving open-end credit accounts to charge service fees of 1½ per month. Obviously, the statutes could not and did not authorize the charging of service charges prior to the enactment of the statutes. Further, the statutes apply to extensions of credit under active accounts after the effective dates of the acts and do not authorize the charging of service charges on past due, closed, stated accounts in existence prior to enactment of the statutes. The service charges on the 1964 stated account which the creditor seeks to collect in this case were not authorized by the 1970 and 1973 statutes.
Since LSA-R.S. 9:3509 and LSA-R.S. 9:3523 are not applicable to the debt involved in this case, the general law of the Civil Code concerning interest on debts must be applied. The amount of conventional interest cannot exceed 8 percent per annum and must be fixed in writing. LSA-C.C. Art. 2924. Interest upon interest cannot be recovered unless it is added to the principal, and by another contract made a new debt. LSA-C.C. Art. 1939; Monroe Grocery Co. v. T. L. & M. Davis, 165 La. 1027, 116 So. 546 (1928); Flower & King v. O'Bannon, 43 La.Ann. 1042, 10 So. 376 (1891); Southern Equipment & Tractor Company of Shreveport, Inc. v. McCullen, 319 So.2d 511 (La.App. 2d Cir. 1975).
There was no agreement in writing between decedent and Coushatta Farm Implement Company to pay a service charge or interest. The printed statement on the bottom of each invoice does not constitute a written agreement to pay interest. Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1st Cir. 1971). Even if there were an agreement, the 1 percent and 1½ percent per month charges exceeded the maximum conventional rate, were usurious, and result in the forfeiture of the entire interest so contracted. LSA-R.S. 9:3501. Charging a service charge on prior accrued service charges amounts to *252 charging interest on interest, prohibited by LSA-C.C. Art. 1939. Southern Equipment & Tractor Company of Shreveport, Inc. v. McCullen, supra.
Since there was no agreement to pay conventional interest, the creditor is entitled only to legal interest on the debt from the time it became due. LSA-C.C. Art. 1938. The account sued on cannot be characterized as an open account on which legal interest would be owed only from judicial demand, Paul M. Davison Petroleum Products, Inc. v. L. T. Brown Contractor, Inc., 356 So.2d 572 (La.App. 2d Cir. 1978), but is instead an account stated on which legal interest is owed from the date it becomes stated. The debt became an account stated, and due, in December 1964 when the creditor closed the account, made demand for payment, and rendered a statement for the balance due to which the decedent never raised objection. Monroe Grocery Co. v. T. L. & M. Davis, supra. Peterson Sales Company, Inc. v. C-Moore Glass, Inc., 296 So.2d 397 (La.App. 2d Cir. 1974); R. O. Roy & Company, Inc. v. Norman, 126 So.2d 845 (La.App. 2d Cir. 1961).
The legal rate of interest in 1964 when the debt became due was 5 percent per annum. This is the rate which the creditor is entitled to recover although the rate was subsequently changed to 7 percent by amendment to LSA-C.C. Art. 1938. LSA-C.C. Art. 1940. Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir. 1971).
Considering the principal balance of $4,876.24, 5 percent legal interest from December 1, 1964, and crediting the payments totaling $1,000 to legal interest accrued on the date of the payments, the total principal and interest due as of April 31, 1978 is $7,147.36.
For the reasons assigned, the judgment of the district court as to the amount of the debt is amended; the amount of the debt owed by the succession to R. P. Gibson is recognized as being the sum of $7,147.36 as of April 31, 1978, including principal and accrued legal interest, with 5 percent legal interest on the principal amount of $4,876.24 from that date until paid. The succession proceeding is remanded to the district court for further proceedings in accordance with law. Costs of the appeal are assessed to R. P. Gibson, individually.
Amended and remanded.