430 So.2d 165 (1983)
THE RESEARCH GROUP, INC., Plaintiff-Appellee,
v.
James SHARP, Jr., Defendant-Appellant.
No. 15262-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
*166 DeCelle & Hansen by Malcolm DeCelle, Jr., West Monroe, for plaintiff-appellee.
Sharp & Sharp by James Sharp, Jr., Monroe, for defendant-appellant.
Before PRICE, HALL and NORRIS, JJ.
NORRIS, Judge.
James Sharp, Jr. appeals a city court judgment in the amount of $711.80 for services rendered in preparation of a legal memorandum by The Research Group, Inc., a foreign corporation.
The Research Group sued Sharp, an attorney, in Monroe City Court alleging that Sharp was indebted unto them in the amount of $711.80 with interest and costs for goods and services rendered as shown on the attached itemized statement of charges for services rendered. Attached to the petition *167 was an affidavit of a vice president and general counsel of the Virginia corporation. Also contained within the record are written interrogatories and answers pursuant to the provisions of La.C.C.P. Arts. 1448 et seq.
Sharp answered the petition, incorporating within his answer exceptions of no right of action, no cause of action and vagueness, all as provided by La.C.C.P. Art. 4912. Thereafter, the matter was fixed for trial, notice was given to all parties, and Sharp failed to appear at trial because of admitted "oversight." Based upon the evidence contained within the record, the trial court rendered judgment as prayed for. Sharp timely filed a Motion for New Trial contending that the judgment was contrary to the law and the evidence because the exceptions previously filed were not considered prior to the rendition of the judgment by the trial court.
After hearing the argument of counsel, the trial court denied the motion. In so doing, the trial court specifically found that Sharp's failure to appear had resulted in an abandonment of all of his exceptions. The court further concluded that "oversight" was not within the statutory contemplation of grounds for a new trial.
Sharp orally moved for a suspensive appeal from the adverse judgment. While the order for appeal was timely obtained, the suspensive appeal bond was not filed within the ten day delay period provided for the perfecting of an appeal from a city court. Therefore, this appeal will be maintained as a devolutive appeal rather than a suspensive appeal. Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982).
On appeal, Sharp contends the trial court erred in the following respects:
(1) By proceeding to trial without disposing of the exceptions;
(2) By not requiring plaintiff to initially establish its right to proceed as provided by La.R.S. 12:314(A); and
(3) In denying the motion for new trial by concluding that defendant had abandoned his exceptions by his failure to appear.
Although not articulated specifically as such, the crux of Sharp's argument in support of his motion for new trial and on appeal is that the exception of no right of action aimed at the failure of The Research Group to prove that it was qualified and authorized to do business in the State of Louisiana should be considered by the court even though Sharp failed to appear at trial, and that because The Research Group did not prove compliance with La.R.S. 12:314(A),[1] the judgment was improperly rendered thereby making it contrary to law.
Because a trial court or an appellate court may notice on its own motion an exception of no right of action or no cause of action by virtue of La.C.C.P. Art. 927,[2] we will consider whether or not the trial court erroneously failed to consider Sharp's exceptions entitled "No Cause of Action" and "No Right of Action."
The exception of no cause of action is based on the allegation that the petition *168 states no cause of action because it does not allege that the services and goods were delivered at defendant's request and that defendant agreed to pay for those goods as well as incidental costs and service charges. We have examined the petition, attached affidavit, and the attached itemized statement of charges incorporated into the petition by reference. Viewing the pleadings in the light most favorable to The Research Group, we conclude that the petition states a cause of action thereby making the exception meritless. Additionally, we note that Sharp has not argued this issue on appeal, thereby causing us to conclude that he has, in effect, abandoned this exception.
We next consider whether or not the trial court erred in failing to consider the exception entitled "No Right of Action." In Outdoor Electric Advertising, Inc. v. Saurage, 207 La. 344, 21 So.2d 375 (1945), the Supreme Court held that an exception directed to a foreign corporation's failure to comply with the applicable law does not defeat the plaintiff's action but only can retard the progress of the litigation. Thus, it is purely dilatory in nature. La.C.C.P. Art. 923. Therefore, this type of exception is considered to be an exception of lack of procedural capacity; it cannot be treated as an exception of no cause of action or no right of action. Such an exception is waivable. See West Publishing Co. v. Intrastate Pipeline Corp. 254 So.2d 643 (La.App. 4th Cir.1971); La.C.C.P. Art. 926.
It is clear that the trial court in the instant case did not consider nor rule upon the exceptions filed by Sharp prior to rendering judgment on the merits. However, we conclude that the trial court did not err in failing to consider the exceptions and in concluding that Sharp, by his failure to appear through his own unexplained "oversight" and to insist upon a disposition of the exceptions prior to trial, had waived his exceptions and abandoned them. It is a well settled rule of law that a defendant who does not insist upon a trial of and a ruling on his exceptions waives them. Ducote v. Ducote, 183 La. 886, 165 So. 133 (1935). It is further settled that declinatory and dilatory exceptions not decided by the trial court are considered to be abandoned. Louisiana Power & Light Co. v. City of Houma, 229 So.2d 202, (La.App. 1st Cir.1969) and cases cited therein.
In this case, the trial court did not err in determining that there was no legal justification for granting a new trial. A defendant is not entitled to have his case reopened by the granting of a new trial unless he alleges and proves that he has good reason therefor. Certainly, good reason contemplates proof of more than a failure to appear at trial because of "oversight." Compare Hardy v. Kidder, 292 So.2d 575 (La.1974). In the absence of a peremptory ground for a new trial, the granting of a new trial is discretionary with the trial court; in the absence of a clear showing that the trial court has abused its discretion, its ruling will not be disturbed on appeal. Hardy v. Kidder, supra. There has been no such showing made here.
Finally, we have reviewed the record to determine the propriety of the judgment on the merits. The trial court awarded The Research Group a sum totaling $711.80, which represents $677.25 for the actual services rendered and $34.55 in "service charges."
This is a suit on a contract for services which is not within the contemplation of the Consumer Credit Law [La. R.S. 9:3510 et seq.]. Although an otherwise excluded debtor and creditor may avail themselves of the Consumer Credit Law and its more liberal interest provisions, the contract must be specifically and expressly written into the transaction. Coffey v. Peoples Mortgage & Loan of Shreveport, 408 So.2d 1153 (La.App. 2d Cir.1981).
Because this transaction is not per se a consumer credit transaction and the record does not reveal that the parties have availed themselves of the Consumer Credit Law, the general law of the Civil Code concerning interest on debts must be applied to this case. Therefore, the amount of conventional interest which might be applied to this case cannot exceed 12% per *169 annum and must be fixed in writing. La. C.C. Art. 2924. The record is void of any agreement between The Research Group and Sharp to pay a service charge or interest. Contained within the record is a written statement on the bottom of the statement of charges for services rendered referring to interest charges of 18% per annum effective November 1, 1981. This printed statement alone does not constitute a written agreement to pay interest. See Succession of Drake, 359 So.2d 249 (La.App. 2d Cir.1978); Pooler Building Materials v. Hogan, 244 So.2d 62 (La.App. 1st Cir.1971). Furthermore, even if there were an agreement, the 18% per annum interest reflected exceeded the maximum conventional rate, was usurious and would result in the forfeiture of the entire interest so contracted. La.R.S. 9:3501.
Because there was no agreement to pay conventional interest, The Research Group is entitled only to legal interest on the debt from the date of judicial demand.
Accordingly, the second paragraph of the judgment of the trial court is amended to read as follows:
ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, The Research Group, Inc., and against defendant, James Sharp, Jr., in the full sum of SIX HUNDRED SEVENTY SEVEN AND 25/100 ($677.25), with legal interest thereon at the rate of 12% per annum until paid from date of judicial demand and all costs of these proceedings.
As amended, the judgment is affirmed with the costs of this appeal to be divided equally between the parties.
AMENDED, and as amended, AFFIRMED.
NOTES
[1] Transacting business without authority

A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary or a duly authenticated copy thereof.
[2] Objections raised by peremptory exception The objections which may be raised through the peremptory exception include, but are not limited to, the following:

(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No Cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit.
The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.