466 So.2d 542 (1985)
Helen REISS
v.
SUPERIOR INDUSTRIES, INC. and Leon Greff.
No. 84-CA-260.
Court of Appeal of Louisiana, Fifth District.
March 11, 1985.
Lynn W. Wasserman, New Orleans, for defendant-appellant.
James J. Morrison, Jr., New Orleans, for plaintiff-appellee.
Samuel Dalton, Jefferson, for defendant-appellee.
Before BOWES, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal of the trial court's decision to set aside and declare null and void a corporate stock bonus issued by and for the benefit of two defendant corporate directors. The matter before this court arises from the judicial liquidation of Superior *543 Industries, Inc. and has already been the subject of a previous appeal to this court on other judgments. 430 So.2d 260.
Superior Industries was incorporated in 1954, with three stockholders, Leon Greff, Oswald Fuerst and James J. Morrison, Sr., who died in 1975. This lawsuit was filed by the widow and heirs of James J. Morrison, Sr., in 1980.
When the corporation was formed, Greff was issued 240 shares of Superior stock, Fuerst received 100 shares and Morrison received 160 shares.
On September 30, 1977, two years after the death of Mr. Morrison, Sr., a meeting of the Board of Directors was held. Present were the two living Board members, Greff and Fuerst.
The Board declared "... in lieu of a fixed cash bonus," a stock bonus of 60 shares to Fuerst and 80 shares to Greff, and mentioned nothing of a stock bonus to Morrison's heirs.
The stock bonus was voted without the knowledge of any representative of the Morrison family. The result of the stock bonus increased by seven (7%) per cent the shareholdings of the remaining Board of Directors, who had voted themselves this increase in corporate ownership.
The corresponding effect of this stock bonus was to reduce by seven (7%) per cent the ownership of the remaining stockholder (i.e. the James Morrison Family).
Consequently, the widow and heirs of James J. Morrison, Sr. filed suit to annul this stock bonus. The trial court ruled that the stock bonus was unlawful and ordered it to be set aside. From this judgment the defendants, Oswald Fuerst and Crescential Pennock have filed an appeal seeking reversal.
They urge that the trial court's judgment setting aside the stock bonus is erroneous since this action by the plaintiffs is prescribed. On this issue, the defendants cite La-R.S. 12:92(D) which provides as follows:
"If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the shareholders, or if the corporation purchase or redeem any of its own shares in violation of this Chapter, the directors who knowingly, or without the exercise of reasonable care and inquiry, voted in favor thereof shall be liable jointly and severally to the corporation, or to creditors of the corporation, or to both, in an amount equal to the amount of the unlawful distribution. An action to enforce such liability must be brought within two years from the date on which the distribution was made, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit."
This subsection was drafted to do two things. In the first part, it provides a cause of action against directors with a very specific remedy in the event they vote for certain prohibited transactions. In the second part, it provides the two year prescriptive period, but only as to the liability outlined in the first part.
We hold that this prescriptive period is not applicable in the present case. R.S. 12:92(D) is concerned with the cause of action in favor of the corporation or to its creditors. The plaintiffs herein are neither. Further, the transaction in question here is a stock bonus, not an unlawful distribution of assets which R.S. 12:92 prohibits.
Defendants have further argued that both Greff and Fuerst are members of the Board of Directors, acted with their authority and that the stock bonus meets the fairness standard of LA-R.S. 12:84. Although a Board of Directors can vote bonuses and issue stock, they cannot and should not be allowed to issue stock dividends to themselves and not include the one other deceased member's estate.
The trial court has made a factual determination that the action by Greff and Fuerst declaring themselves a stock bonus constituted a patent lack of fairness and we agree. Fair dealing with all stockholders is a cornerstone of fundamental corporate law. We find no error in the trial judge's holding.
*544 In a close corporate structure of three directors, it is patently unfair and improper for two members of the Board to allocate stock bonus to themselves without the waiver and/or acquiescence of the other board member or his heirs.
For the reasons set out above, we conclude that the decision of the trial court is proper and we accordingly affirm.
AFFIRMED.