PER CURIAM.
The defendant appeals the trial court’s ruling wherein the court determined that the defendant violated the Louisiana Consumer Credit Law by making a loan to plaintiffs with a yearly interest rate in excess of 12%.
Both parties stipulated that on September 23,1981, the plaintiffs, James H. Floyd, Sr. and Verna Johnson Floyd, executed a promissory note and a mortgage on their home and other real estate, in favor of the defendant, Baton Rouge Sash & Door Company, Inc., for $29,811.00, with interest at the rate of 21% per annum. The plaintiffs and the defendant agreed by written declaration in the promissory note that the loan transaction would be subject to the provisions of the Louisiana Consumer Credit Law, LSA-R.S. 9:3510 et seq., and would be considered to be a “consumer loan” as defined in LSA-R.S. 9:3516(14). Both parties also stipulated that the defendant is not a “licensed lender” or a “supervised financial organization” as contemplated by LSA-R.S. 9:3516(20) and (27).
The defendant is an architectural mill-work business. The trial court found that since the defendant was not a “licensed lender” or a “supervised financial organization”, it violated LSA-R.S. 9:3557[1] by making a “supervised loan” [2] to the plaintiffs. The trial court ordered the defendant to *680 repay the entire amount of the interest, but refused to award attorney’s fees or penalties in the amount of three times the loan finance charge, finding that the defendant had not acted in bad faith.
Defendant appealed suspensively, contending the trial court erred as a matter of law in failing to find that, pursuant to LSA-R.S. 9:3514, the parties to a contract can agree that the loan will be subject to the Louisiana Consumer Credit Law, with its more liberal interest rate provisions. We agree with the defendant and reverse the trial court’s judgment.
LSA-R.S. 9:3514 states:
This law does not displace legal limitations upon the powers of credit unions, savings banks, savings and loan associations, or other thrift institutions whether organized for the profit of shareholders or as mutual organizations; but the parties to a transaction other than a consumer credit transaction, whether any of such parties is such a thrift institution or not, and whether such transaction is specifically excluded from the provisions of this law by Section 3512 hereof, except retail installment transactions made pursuant to the Motor Vehicle Sales Finance Act, or any other provisions of law, may contract with one another that such transaction shall be subject to the provisions of this law, in which event the transaction shall be a consumer credit transaction within the provisions of this law, notwithstanding any other provisions of law to the contrary. (Emphasis ours)
We can find no cases that discuss exactly who is included within the meaning of the term “the parties” in the above statute. However, our brethren in the Second Circuit have stated, “Although an otherwise excluded debtor and creditor may avail themselves of the Consumer Credit Law and its more liberal interest provisions, the contract must be specifically and expressly written into the transaction.” (Emphasis ours). Coffey v. Peoples Mortgage & Loan of Shreveport, 408 So.2d 1153 (La.App. 2d Cir.1981). See also The Research Group, Inc. v. Sharp, 430 So.2d 165 (La.App.2d Cir.1983).
After a thorough review of the applicable law, we find that the creditor does not have to be a “supervised financial organization” or a “licensed lender” in accordance with LSA-R.S. 9:3557 in order to utilize the provisions of the Consumer Credit Law if (1) both parties are involved in a transaction other than a consumer credit transaction (except retail installment transactions made pursuant to the Motor Vehicle Sales Finance Act) and (2) both parties expressly and specifically agree to avail themselves of the provisions of this law in the written contract itself.
A loan on immovable property is not considered a “consumer loan” and thus is not a “consumer credit transaction” within the context of the Consumer Credit Law. Also, the defendant herein did not meet the requirements stated on LSA R.S. 9:3516(14) for a lender involved in a “consumer loan.” Thus, in the instant case, both parties were involved in a transaction other than a consumer credit transaction. Additionally, as noted previously, both parties agreed to be bound by the provisions of the Louisiana Consumer Credit Law in the written promissory note. Therefore, this loan agreement was controlled by LSA-R.S. 9:3510 et seq., and the defendant was entitled to the liberal interest provisions stated therein.
For the foregoing reasons, we reverse the trial court’s judgment. Judgment is hereby rendered in favor of the defendant, Baton Rouge Sash and Door Company, Inc., on the main demand. Costs of both the trial court and this appeal are to be borne by the plaintiffs.
REVERSED AND RENDERED.

. LSA-R.S. 9:3557 provides in pertinent part:
Unless a person is a supervised financial organization or has first obtained a license from the commissioner authorizing him to make supervised loans, he shall not engage in the business of
(1) making supervised loans.

. A supervised loan is one in which the interest rate exceeds 12% per year as defined in LSA-R.S. 9:3516(28).