GOTHARD, Judge.
This case arises from the liquidation of a corporation and concerns the calculation of net profits from the sale of real estate owned by the corporation. From judgment in favor of the plaintiffs the defendant has appealed.
Plaintiffs are the widow, Helen Morrison Reiss, and the children of James J. Morrison.[1] The defendant-appellant is Leon Greff, who with Morrison founded Superior Industries, Inc. and who is a former liquidator of the corporation. On October 6, 1980 Helen Reiss filed suit against Superi- or, Greff, and two other shareholders, seeking judicial liquidation. The court ordered judicial liquidation on June 23, 1981 and dissolved the corporation as of August 26, 1981. The distribution of assets contin *867 ued into 1985, with almost continual litigation during the intervening years.[2]
The real estate proceeds at issue arise from sales of five residences purchased from James J. Morrison by Superior in 1964. One was sold in 1976 and the others between October 28, 1982 and May 8, 1984. The board of directors (Greff, Morrison, and Oswald Fuerst), agreed to the following distribution of profits upon sale of the properties:
FURTHER RESOLVED, that for and in consideration of JAMES J. MORRISON undertaking, promising, and guaranteeing, SUPERIOR INDUSTRIES, INC., against any loss on account of its purchase, ownership, and ultimate re-sale of the aforementioned properties, SUPERIOR INDUSTRIES, INC., does hereby and herewith undertake, promise and agree to divide equally with JAMES J. MORRISON any profit (including tax savings) it may realize from its ownership and ultimate re-sale of said prop-erties_ [Emphasis supplied.]
The present controversy is over the meaning of “tax savings.” The court-appointed accountant for the liquidator made a year by year calculation of the amount of income tax the corporation saved by owning the houses and added in the interest that could have been earned by investing the savings either at prime rate or at the applicable rates for 6-months treasury bills. The trial judge used the accountant’s figures in computing the award to Morrison’s heirs of $100,424 as the amount due for their share of the net profits of the property. The defendants appealed.
The only issue before this court is whether the trial judge was correct in including interest in the award to the Morrison family-
The appellant argues that the appellees are entitled only to half of the income tax savings in addition to half of the net sale price, a total of $78,974. He bases his position on the rule that a debtor is not liable for interest on the debt in the absence of a written agreement. He cites as authority Rodriguez-Farr Ins. Agency, Inc., v. Sharp, 431 So.2d 889 (La.App. 2nd Cir.1983), writ denied 439 So.2d 1075 (La.1983), where the interest was a service charge on past-due insurance premiums. In The Research Group, Inc. v. Sharp, 430 So.2d 165 (La.App. 2nd Cir.1983), the interest in dispute was charged on moey due for professional services. The rule does not apply to controversies over interest earned on money.
In the case before us we are dealing with a formula for calculating the amount Morrison, or his successors, should receive if the properties were resold, under an agreement that was confected at the time the properties were purchased and that recognized Morrison’s position as guarantor of the company against loss from the sale. In previous litigation it was determined that the company’s surplus, including a portion attributable to tax savings from the real estate, had been invested and reinvested by Greff in his own name. As Greff was required to return the principal and interest to the corporation, interest on the tax savings was earned by the corporation. The Morrison family takes the position that interest is an element of “any profit (including tax savings)” as contemplated by the agreement.
At the hearing of the appellees’ rule to show cause as to their share of the profits in the sale, the accountant for the liquidator testified that the attorneys for both sides asked him to prepare an analysis of tax savings attributable to the rental properties. The accountant, Patrick Buckley, answered Morrison, Jr.’s questions regarding the calculations he had made and stated, without objection from counsel for Greff, that he had included interest that would have been earned, assuming the tax savings had been reinvested. As counsel failed to object to imputed interest at trial, he may not raise it as an issue on appeal. Calderon v. Johnson, 453 So.2d 615 (La. App. 1st Cir.1984).
*868 We are impressed with the trial judge’s understanding of the facts and accounting in this long drawn out litigation and find that his decision was correct.
For the reasons assigned, the case appealed from is affirmed.
AFFIRMED.

. lames Morrison, Jr., Mimi Morrison Sumrall, and Claire Morrison.

. For previous decisions of this court see Reiss v. Superior Industries, Inc., 430 So.2d 260 (La. App. 5th Cir.1983), writ denied 437 So.2d 1153 (La.1983), and 466 So.2d 542 (La.App. 5th Cir. 1985).