520 So.2d 909 (1987)
C & A TRACTOR COMPANY, Plaintiff-Appellee,
v.
Herschal BRANCH d/b/a Breaux Bridge Dozer Service, Defendant-Appellant.
No. 86-987.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
George McHugh, St. Martinville, for plaintiff-appellee.
Gauthier & Cedars, Chester R. Cedars, Breaux Bridge, for defendant-appellant.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
Defendant, Herschal Branch d/b/a Breaux Bridge Dozer Service, appeals from a judgment rendered in favor of plaintiff, C & A Tractor Company (C & A), in its suit on open account.
Beginning in late 1980, Mr. Branch maintained an open account with C & A. The terms of the account, as stated on documents introduced in evidence by C & A, provided for payment in thirty days. Mr. Branch usually paid in full no later than several days past the due date but on one occasion was almost three months delinquent at the time of payment. As of January 1982, he was current and not indebted to C & A. Around that time, Mr. Branch, having disassembled a bulldozer, sought help from C & A with the reassembly. For those services C & A billed Mr. Branch $12,774.31. C & A assessed a two percent service charge on the outstanding balance for the months of March, April, and May 1982, resulting in a balance due of $13,556.21 as of May 31, 1982.
There was a dispute concerning the charge for services rendered and an agreement was reached between the parties whereby the debt was "reduced" to $8,098.58. Within thirty days Mr. Branch paid C & A $4,049.29, or one-half of the total amount due. He spread payment of the balance over a two and one-half year period making a final payment of $500.00 in late December 1983. Over that two and one-half year period, C & A assessed and *910 added to the outstanding balance, a monthly two percent service charge. The final payment by Mr. Branch in late 1983 brought the total amount of his payments on the debt to $8,098.58, the amount of the reduced debt as agreed by the parties. However, due to the accumulated service charges, C & A's records showed that Mr. Branch still owed $551.56. Three additional service charges were assessed after Mr. Branch had paid the full $8,098.58, and as of October 1, 1984, C & A claimed defendant owed it $656.01.
Subsequently C & A filed a suit on open account seeking payment of $656.01. The trial court found there had been an agreement between the parties that the reduction of the debt was contingent upon payment in full of $8,098.58 "immediately." The trial judge reasoned that, since defendant breached the agreement, the full amount of the original debt, which the court stated was $13,000.00, was "obviously" owed plaintiff. The trial judge subtracted $8,098.58, the amount paid by defendant, from $13,000.00, and found that defendant owed the difference, or $4,901.42. However, the trial judge noted that, since plaintiff only demanded $656.01 in his petition his recovery was limited to that amount which was awarded to him.
We feel the trial judge was manifestly erroneous in reaching the result he did. The plaintiff sought to collect only $656.01, which represents the accumulated service charges. Howard Champagne, the only witness who testified at trial, was a manager and shop foreman with C & A at the time of the events in question. Mr. Champagne testified that the original debt was reduced only in consideration of full payment within thirty days. He stated that the agreement was never reduced to writing. However, the rest of his testimony does not indicate that the parties intended that the original debt of $13,556.21 would become due and payable if Mr. Branch failed to pay the full $8,098.58 within thirty days.
When questioned what would happen if Mr. Branch did not pay the full amount within thirty days Mr. Champagne replied: "Well [sic] service charge was going to accumulate and I was going to have to get my money some kind of way." When asked what the remaining balance on the account was at the time the suit was filed Mr. Champagne replied $656.01." He stated that this amount reflected the balance owed as a result of work performed by C & A on the tractor. He then admitted however, that the balance sued for, $656.01, represented the monthly service charges. In reviewing this evidence we note that throughout the existence of the business relationship, all amounts owed C & A by Mr. Branch were to be paid within thirty days. This term of thirty days then was nothing out of the ordinary. Previously, the defendant had been delinquent for up to three months on his account with C & A.
Reviewing this evidence leads us to the conclusion that the agreement entered into by the parties effected a novation. Under La.C.C. art. 1881, a novation takes place when the parties expressly declare their intention to extinguish the original obligation, the $13,556.21 debt which was disputed by defendant, and substitute a new obligation, the debt of $8,098.58. Once extinguished the original obligation could not be resurrected. After defendant failed to pay the full amount within thirty days as required by the terms, plaintiff's recourse was through the courts.
It was admitted by Mr. Champagne and evidenced by C & A balance sheets that the defendant had paid $8,098.58, the amount of the reduced debt. It was admitted that the $656.01 demanded in this suit represented service charges added to the principal debt. Defendant claims the service charges, or interest, was assessed contrary to law. We agree.
It is first noted that this transaction between C & A and Mr. Branch's bulldozer business falls outside the confines of the Louisiana Consumer Credit Law, La.R.S. 9:3510 et seq. Under R.S. 9:3512, the chapter does not apply to credit transactions involving extensions of credit for business or commercial purposes. Mr. Branch and his bulldozer business were extended credit by C & A for services it rendered.
Because the transaction was not covered by the Louisiana Consumer Credit *911 Law the general law of the Civil Code concerning interest on debts must be applied. The Research Group, Inc. v. Sharp, 430 So.2d 165 (La.App. 2nd Cir.1983). Two types of interest are recognized by the Civil Code, legal and conventional. La.C.C. art. 2924. The interest, or service charge, assessed by C & A was conventional. It is well settled that a creditor may not charge conventional interest, or a service charge, absent an express agreement in writing. La.C.C. art. 2924; Paul M. Davison Petroleum Products v. L.T. Brown, Contractor, Inc., 356 So.2d 572 (La.App. 2nd Cir.1978), affirmed as amended 364 So.2d 583 (La. 1978); Southern Equipment & Tractor Company of Shreveport Inc. v. McCullen, 319 So.2d 511 (La.App. 2nd Cir.1975). The evidence clearly established that there was never any written agreement providing for interest or service charges. We note at the bottom of a page of a C & A balance sheet there is written "Payment due by the 10th After which 2% Service Charge will be added." This does not constitute a written agreement providing for interest. See Succession of Drake, 359 So.2d 249 (La. App. 2nd Cir.1978). Considering the law and evidence we find that the interest or service charge assessed by the plaintiff was illegal and may not be recovered by it.
Defendant filed a reconventional demand seeking judgment for illegally charged interest which he claimed amounted to $1,438.41. The amount was computed based upon service charges assessed from December 1982 through October 1984. This demand was apparently rejected by the trial court and on appeal defendant contends that action by the court was erroneous.
We agree that one who has illegally collected interest payments is liable for return of the amount collected. However, we find defendant's reasoning to be illogical as to the amount of interest he claims to be entitled to the return of. Prior to the services performed by C & A which form the basis of this suit, defendant was assessed and paid a $.50 service charge in December 1981. Later, in 1982, he was charged $12,774.31 for the services performed for him by C & A relating to the reassemblage of the bulldozer. As previously discussed, service charges brought the total to $13,556.21. The parties then effected a novation resulting in defendant owing plaintiff $8,098.58. Payments of $8,098.58 were made and service charges were assessed totaling $651.06. Since we have ruled that plaintiff is not entitled to this interest, and since there is no evidence that any of the $781.90 in interest charged in March, April, and May of 1982 was included in the $8,098.58 paid by defendant, the only possible illegal interest paid by him would be the $.50 service charge from December 1981. The evidence shows that this service charge was not agreed to by the parties or provided for in writing. Therefore, defendant-plaintiff-in-reconvention is entitled to return of the $.50 service charge illegally assessed and collected by the plaintiff.
For the reasons assigned, we reverse the judgment of the trial court.
IT IS ORDERED, ADJUDGED, AND DECREED that there be and hereby is judgment in favor of defendant-plaintiff-in-reconvention, Herschal Branch d/b/a Breaux Bridge Dozer Service, and against plaintiff-defendant-in-reconvention, C & A Tractor Company, in the amount of Fifty Cents ($.50) plus legal interest from date of judicial demand.
All costs of this appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.