BOWES, Judge.
This is an appeal from the trial court’s judgment which denied the plaintiff’s Motion to Compel the Former Liquidator to File a Final Accounting. We reverse.
Superior Industries, Inc. was incorporated in 1954 by Leon J. Greff, Oswald Fuerst, and James J. Morrison (who died in 1975). Mr. Greff and Mr. Fuerst continued as officers of the corporation after the death of Mr. Morrison and until the corporation was liquidated in 1981.
Litigation on various issues involved in the liquidation of this corporation has spanned several years, culminating with the rendition of judgments in the district court and appeals which were taken to this court.[1]
Plaintiff/appellant in this action is Helen Morrison, the widow of James Morrison, Sr. The defendant/appellee is Leon Greff, who, in addition to being one of the original founders and officers of the corporation, was also the former liquidator of the corpo *283 ration from September 18, 1980 until the trial court appointed George Vedros as liquidator on June 23, 1981.
The issue currently before this court was raised on a motion by the plaintiff in 1985 to require Mr. Greff to file an accounting for the time that he was the liquidator. The trial court, after a hearing on the matter, denied the motion being under the impression that all of the records in possession of Mr. Greff were removed and turned over to the new trustee and that all assets in this matter had been accounted for and are in the new trustee’s possession.
On appeal, only one assignment of error is presented for our review:
The trial court erred in ruling that an accounting was not required and/or in not requiring an accounting.
Appellant bases her argument on previous occasions during the litigation in which Mr. Greff was requested orally and by formal written motions, subpoenas and depositions, to furnish certain records and stated he had no such records or refused, claiming that he had supplied all pertinent records. However, finally, after Court intervention, and only pursuant to Court orders ordering him to do so, Mr. Greff did actually produce the requested records.
Appellee argues that those records of the corporation, which were produced in open court, combined with the trial court’s taking “judicial notice” of all testimony previously entered into the record, is sufficient in the instant case. However, we find the records and testimony in the record do not specifically relate to the defendant’s term as liquidator and as such are certainly no substitute for a written, detailed, accounting for that period of time. In addition, it is hardly likely that any judge could possibly recall accurately all testimony over a six-year period, especially if it relates to hundreds of documents and figures.
Appellant argues that LSA R.S. 12:145 G. requires that an accounting be provided. LSA R.S. 12:145 G. states:
G. In the performance of his duties, each liquidator shall be bound to exercise that care and prudence in the listing, custody, possession, and control and disposition of the property and moneys of the corporation coming into his hands, and in the proper accounting therefor, and distribution thereof, as by law is imposed upon fiduciaries.
We are also cognizant of a criminal statute, LSA R.S. 14:354, which states in pertinent part:
Sec. 354. Fiduciaries, failure to file accounts in court; penalty
No administrator, tutor, executor, or other person holding fiduciary trusts shall neglect, fail, or refuse, after having been ordered by a court of competent jurisdiction, to file in the court where such trust is exercised, once between the first day of January and the thirty-first day of December of each calendar year, a full and complete account and statement of the trust, [emphasis added]
These two statutes when read together lead us to the conclusion that an accounting is required by fiduciaries and failure to do so results in appropriate sanctions by the court. It is a well established principle in our law and, in our opinion, a very basic one, that a person charged with financial trust must be held accountable for that trust. The legislature has codified this principle as it relates to corporation liquidators in LSA R.S. 12:145 G, reproduced above, specifically with the following verbiage “... each liquidator shall be bound ... and in the proper accounting therefor,....” Without a doubt, a person with whom responsibility rests, should in the spirit of that trust, account for all assets and liabilities at the termination of his tenure as liquidator. Otherwise, he would be free to do as he pleases with the assets entrusted to him, even for personal gain.
In the instant case, the trial judge, who sat on this case with great patience since its inception in 1980, in his reasons for judgment on this issue, stated:
“All of the records in possession of the trustee were removed and turned over to the new trustee who was appointed by the Court. The new trustee indicated *284 that he had searched all of the records to find out if any additional assets were still not recovered. The [new] trustee then stated that all of the records were present and that no other funds were available excepting those which had already been turned over.
The Court is satisfied that all assets in this matter have been accounted for and are in the trustee’s possession. Under the present circumstances, an accounting is not required.” [Emphasis added]
The record before us does not bear out that such statements were actually made or implied by the new trustee, either by testimony or unsworn statements. The transcript of the hearing on this motion that was held on Friday, the 26th day of June, 1987, indicates that J. J. Morrison, Esq., attorney for the plaintiff, Samuel Dalton, Esq., attorney for defendant, Leon Greff, and George Vedros, Esq., court-appointed liquidator, were all present in court that day.
However, a careful reading of the record before us shows that only Messrs. Morrison and Dalton actually argued on the record and Mr. Vedros neither testified nor spoke on the record at this hearing. The statements that the trial court attributes to Mr. Vedros were actually made by Mr. Dalton, an attorney for Mr. Greff. Consequently, the record before us is devoid of any affirmation made by Mr. Ved-ros that all records in the possession of the previous trustee, Mr. Greff, were turned over to him or accounted for. Even if the learned trial judge, and the new trustee, are satisfied that all assets previously under Mr. Greffs control have been accounted for and are in the new trustee’s possession, under the law, appellant and her attorney, and her expert representatives, are entitled to a detailed accounting so that they can judge these conclusions for themselves and have the proper basis for appellate review.
Additionally, we are fully aware from the record of Mr. Greff’s past record of producing certain financial records only after being so ordered by the court, and the fact that he was ordered by the court to deposit the sum of $580,000, which he had sought to maintain in his personal account, for whatever reason, into the liquidator’s account. In addition, the record is replete with instances showing Mr. Greff’s recalcitrance to provide complete information to the court and the adverse parties. Consequently, we are left with the question of how Mr. Vedros could possibly know if he had received all of the records he needed if the preceding liquidator provided no accounting from his tenure. In view of Mr. Greff’s demonstrated reluctance to provide accurate and complete records, it appears that he should certainly be required by the court to verify, by an accounting, that he actually has produced or turned over all assets and records from his tenure as liquidator.
The appellant originally filed a “Motion to Compel Former Liquidator to File Final Accounting” on June 28, 1985. Therefore, since that time, Mr. Greff has been made aware that he could possibly be required to produce records for a proper accounting from his tenure as liquidator, and he should have been prepared to do so in any event as the law requires. We are of the opinion that it would not present a hardship on Mr. Greff to provide an accounting for his nine month tenure as liquidator as the record before us supports the conclusion that even if certain records were lost or destroyed, as Mr. Greff’s counsel claims, there are sources, such as banks, homesteads and tax records, from which Mr. Greff can duplicate the records needed for an accounting.
We are cognizant that the present trial judge sat on this long and vexing case since its inception and has done an excellent job. However, on this particular issue, his Reasons for Judgment are not supported by the record before us. We find that the appellant submitted clear and convincing proof of the need for the Court to order an accounting. Consequently, we find that the trial court erred in determining that an accounting is not required in view of the history of this case as reviewed above.
*285 Accordingly, the judgment of the trial court is reversed and the appellee, Mr. Greff, is ordered to provide a proper accounting from his tenure as liquidator in accordance with LSA R.S. 12:145(G) within a reasonable time to be fixed by the trial judge as expeditiously as possible. This case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be assessed against the appellee.
REVERSED AND REMANDED.

. Previous decisions of this court:
Reiss v. Superior Industries, Inc., 430 So.2d 260 (La.App. 5 Cir.1983); Reiss v. Superior Industries, Inc., 466 So.2d 542 (La.App. 5 Cir.1985); and Reiss v. Superior Industries, Inc., 507 So.2d 866 (La.App. 5 Cir.1987).