| ¡WALTER J. ROTHSCHILD, Judge.
On February 18, 1992, the plaintiffs, Irene Marrero Walker and others, filed suit against Marie Delores Marrero Butler (Ms. Butler) and others claiming ownership interests in certain shares of stock of O.K. Farms Company, Inc. (OKF), which is now liquidated. They assert that the defendants illegally and improperly received distributions of the corporate assets on October 18, 1982, during the liquidation and dissolution of OKF and that the plaintiffs did not receive them interests in the corporate assets.
On May 6, 1992, Ms. Butler filed a Peremptory Exception of Prescription asserting that the plaintiffs’ claims against her were not timely instituted, pursuant to LSA-R.S. 12:93 D. A hearing on this exception was held on October 31, 2001. On November 16, 2001, the trial court rendered a judgment granting Ms. Butler’s Exception of Prescription. It is from this judgment that the plaintiffs appeal. For the reasons which follow, we reverse this ruling of the trial court and remand to the trial court for further proceedings.

¡^DISCUSSION

On appeal, the plaintiffs argue that the two-year prescriptive period set forth in LSA-R.S. 12:93 D does not apply to the plaintiffs’ cause of action claiming ownership of their proportionate shares of the corporate assets of OKF.
LSA-R.S. 12:93 D provides as follows:
Every shareholder who receives any unlawful dividend or other unlawful distribution of assets shall be liable to the corporation, or to the creditors of the corporation, or to both, in an amount not exceeding the amount so received by him. An action to enforce this liability must be brought within two years from the date on which the unlawful distribution was received, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit. (Emphasis added.)
The plaintiffs argue that this statute does not apply to their claims against Ms. Butler, because it fixes a two-year limitation for suits against shareholders for liability “to the corporation or to the creditors of the corporation, or to both,” and they assert that the plaintiffs do not fall into either of these categories.
In support of their position, the plaintiffs cite Reiss v. Superior Industries, Inc., 466 So.2d 542 (La.App. 5 Cir.1985), in which the heirs of a deceased shareholder filed suit to set aside a stock bonus to other shareholders. The defendant shareholders, who were also directors of the corporation, argued that LSA-R.S. 12:92 D provides a two-year prescriptive period for liability “to the corporation or to the creditors of the corporation, or to both,” and therefore, this article did not apply to the plaintiffs’ claims against them.
LSA-R.S. 12:92 D provides:
“If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the shareholders, or if the corporation purchase or redeem any of its own shares in violation of this Chapter, the directors who knowingly, *545 or without the exercise of reasonable care or inquiry, voted in favor thereof shall be liable jointly and severally to the corporation, or to the creditors of the corporation, or to both, in an amount equal to the amount of the unlawful Ldistribution. An action to enforce such liability must be brought within two years from the date on which the distribution was made, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.” (Emphasis added.)
In Reiss, supra at 543, this Court held that the prescriptive period set forth in LSA-R.S. 12:92 D did not apply to the plaintiffs’ suit, because this statute was “concerned with the cause of action in favor of the corporation or to its creditors,” and the plaintiffs, who were heirs of a shareholder, did not fall into either category.
Both LSA-R.S. 12:92 D and 12:93 D contain identical language providing for a two-year prescriptive period for liability “to the corporation, or to the creditors of the corporation, or to both.” Therefore, we find that this Court’s reasoning in Reiss is applicable to the instant case, and the prescriptive period set forth in LSA-R.S. 12:93 D does not apply to the plaintiffs’ case against Ms. Butler. Accordingly, the trial judge was incorrect when she granted Ms. Butler’s Exception of Prescription on this basis.
For the reasons set forth above, we reverse the ruling of the trial court granting the defendant’s Exception of Prescription based on LSA-R.S. 12:93D, and we remand this matter to the trial court for further proceedings consistent with .this opinion.

REVERSED AND REMANDED.